[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 1, 2009
THOMAS K. KAHN
CLERK

No. 09-10435
Non-Argument Calendar
_____

D. C. Docket No. 07-22002-CV-JLK

KELVIN STEWART,

Petitioner-Appellant,

versus

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL OF THE STATE OF FLORIDA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(December 1, 2009)

Before BARKETT, HULL and FAY, Circuit Judges.

PER CURIAM:

Kelvin Stewart, a Florida state prisoner proceeding pro se, appeals the district court's denial of his motion for relief from judgment, filed pursuant to Fed.R.Civ.P. 60(b), in which he sought relief from the district court's prior order dismissing his 28 U.S.C. § 2254 petition as time-barred. Stewart does not dispute that the federal petition was untimely filed. He argues, however, that the one-year limitations period for filing a § 2254 petition should have been equitably tolled, because (1) attorney Robyn Blake informed him that his state habeas petition had been filed on November 4, 2004, when it was actually filed on December 22, 2004, and (2) attorney Ana Davide failed to return his case file in a timely manner. He asserts that Blake's and Davide's misconduct impeded his efforts to file his federal § 2254 petition within the limitation period. For the reasons set forth below, we affirm.

## I.

On August 1, 2007, Stewart signed and mailed this pro se § 2254 habeas petition, raising several claims.[1] Stewart asserted that his petition was filed timely and listed the dates on which he had filed various state court motions. He asserted that, on November 4, 2004, he filed a petition for writ of habeas corpus in state

---

[1]Under the "mailbox rule," the date a prisoner delivers a petition or other filing to prison authorities for mailing is considered to be the date of filing with the court. Adams v. United States, 173 F.3d 1339, 1341 (11th Cir. 1999).

court. An appendix attached to Stewart's petition contained a petition for writ of habeas corpus, signed by Blake, which stated that a copy had been sent to the Office of the Attorney General and the Office of the State Attorney on November 4, 2004.

The district court ordered Stewart to amend his original § 2254 petition, noting that the original petition contained at least 75 inserted pages and portions of transcripts and appellate briefs. Stewart filed an amended petition that again stated that his state habeas corpus petition had been filed on November 4, 2004. He attached a number of documents to his amended petition, which showed the following. The Third District Court of Appeals affirmed Stewart's convictions and sentences on direct appeal on December 24, 2003. A state petition for writ of habeas corpus, which was not signed, was stamped as filed on December 22, 2004. The state court denied this petition on April 14, 2005. Stewart then filed a pro se Rule 3.850 motion for post-conviction relief, which was delivered to prison officials on June 9, 2005. The state court denied the motion on January 3, 2006. Stewart's notice of appeal was filed by attorney Davide on February 10, 2006. The Third District Court of Appeals's docket sheet for the Rule 3.850 appeal listed Davide as Stewart's attorney during the pendency of the appeal. The Florida appellate court affirmed the denial of Stewart's Rule 3.850 motion on December 6,

2006, Stewart filed a pro se motion for rehearing, which was delivered to prison officials on December 20, 2006. The Florida appellate court's docket sheet indicates that this motion was denied on January 10, 2007. Stewart then filed a notice to invoke discretionary jurisdiction of the Florida Supreme Court, delivered to prison officials on January 19, 2007, and the Florida Supreme Court's denied review on May 24, 2007.

The state responded that Stewart's petition for writ of habeas corpus should be dismissed as untimely because, even after taking into account the time in which the limitations period was tolled, Stewart's § 2254 petition was filed more than a year after his convictions became final.

The magistrate judge filed a report and recommendation ("R&R"), which recommended dismissing Stewart's § 2254 petition as untimely. The magistrate explained the procedural history of Stewart's case as follows. The Florida Supreme Court affirmed Stewart's convictions and sentences on December 24, 2003. On December 22, 2004, Stewart filed a pro se petition for writ of habeas corpus in the Florida appellate court. The Florida appellate court denied this petition on April 14, 2005, and the database maintained by the Clerk of the Court for the Third District Court of Appeal showed that "the case was disposed of without mandate" on May 6, 2005. On June 9, 2005, Stewart filed a pro se motion

4

for post-conviction relief, pursuant to Rule 3.850. The Florida trial court denied this motion, the Florida appellate court affirmed the denial, and the Florida Supreme Court, on May 24, 2007, denied Stewart's petition for discretionary review, as well as the writ of mandamus Stewart had filed in the Florida Supreme Court. The magistrate noted that the present § 2254 petition was filed on August 1, 2007, more than two months after the conclusion of all state court proceedings.

The magistrate explained that the Antiterrorism and Effective Death Penalty Act, ("AEDPA"), imposes a one-year statute of limitations on habeas petitions, which begins to run when the judgment becomes final. It noted that the limitation period is subject to equitable tolling "in 'rare and exceptional cases.'" The magistrate determined that Stewart's convictions and sentences became final, at the latest, on March 23, 2004, 90 days after the Third District Court of Appeals' order affirming his convictions on direct appeal. It found that, "even after giving Stewart tolling credit for the time all postconviction proceedings remained pending, there remains more than one-year of untolled time (i.e., a total of 374 days of untolled time)." Therefore, the magistrate determined that Stewart's petition was due in federal court on or before July 23, 2007. The petition, however, was filed nine days later, on August 1, 2007.

The magistrate noted that there was a discrepancy between the state court

record and the timeline set forth in Stewart's district court pleadings.  Specifically, Stewart indicated that his state habeas petition was filed on November 4, 2004, and he included in the Appendix accompanying his original habeas petition "a purported Petition for Writ of Habeas Corpus prepared and executed by attorney Robyn Blake."  The magistrate noted, however, that the petition prepared by Blake "indicates no court file-stamp date or any other indication from the state appellate court that the particular petition was ever filed with the Florida Third District Court of Appeal."  The magistrate also pointed out that the Third District Court of Appeals' docket "clearly indicates that Stewart proceeded pro se in the appellate court proceeding and he was not represented by attorney Robyn M. Blake or any other attorney."  Thus, it found that "[a]ny assertion by Stewart that he was represented by counsel during the proceeding and that his state habeas corpus petition was filed earlier than December 22, 2004 is unsubstantiated."

The magistrate found that Stewart's timely filing for state post-conviction relief had no bearing on his present federal habeas petition, because "petitioners who rely upon the timeliness of state post-conviction proceedings to satisfy the requirements of AEDPA do so at their peril."  It also found that Stewart was not entitled to equitable tolling based on a showing of actual innocence.  Finally, the magistrate concluded that Stewart failed to show that he "was in any way impeded

6

by any unconstitutional State action in pursuing his direct appeal, state habeas corpus proceedings, other postconviction proceedings and appeal from the denial of such relief, or filing this federal petition for writ of habeas corpus." It noted that Stewart's pro se status did not excuse the delay in filing. Because Stewart "presented no valid justification supported by the record for his failure to timely file his federal habeas corpus petition," the magistrate recommended dismissing the petition.

After noting that Stewart had not filed any objections to the R&R, the district court affirmed and adopted the R&R, and dismissed as untimely Stewart's petition for writ of habeas corpus. The order of dismissal was entered on May 1, 2008. Subsequently, Stewart moved for, and the district court, on May 6, 2008, granted a 60-day extension to file objections to the R&R. On July 3, 2008, Stewart filed a request for an additional 10-day extension in which to file his objections. The district court denied this extension, stating that Stewart's objections had been due by April 29, 2008.

On July 11, 2008, Stewart mailed his objections to the R&R, the following of which are relevant to the instant appeal. Stewart contended that "extraordinary circumstances" prohibited him from filing his § 2254 petition within the one-year statute of limitations. First, he objected to the magistrate's finding that he was not

7

represented by counsel when filing his state habeas petition, asserting that "an agreement was entered in on November 1, 2004 between attorney Robin Blake and Crystal Williams, on behalf of Stewart." Stewart attached to his objections a copy of the retainer agreement between Blake and Williams. He contended that Blake promised him that she "would file and enter her notice of appearance immediately upon receipt of an initial $2,000 cash payment." Stewart asserted that he believed Blake was representing him after Blake accepted the $2,000 payment. Stewart asserted that Blake insisted, during a recent telephone call, that she filed the habeas petition in state court, although Blake admitted that the date it was filed was "much later than she originally claimed." Stewart contended that it was only after the filing of the R&R that he had any reason to believe Blake had not filed his habeas petition in November 2004 or that Blake had not been acting as his attorney of record. He asserted that Blake's gross misrepresentations to him regarding the filing of the habeas petition had a detrimental affect on his ability to accurately calculate the deadline for filing his federal habeas petition.

Stewart also asserted that his ability to file his federal habeas petition between May 24, 2007, the date of the Florida Supreme Court's denial of discretionary relief, and July 23, 2007, the end of the one-year statute of limitations to file his federal petition, was impeded by Davide, who "maintained possession of

8

his entire case file throughout the duration of this period." Stewart asserted that he and his family members contacted Davide on numerous occasions to retrieve the records, but the records were not returned until July 17, 2007. He asserted that the records in Davide's possession included original trial transcripts, the state habeas petition, the Rule 3.850 motion, and the briefs filed on direct appeal, as well as during post-conviction appeals. Stewart argued that the actions of both Blake and Davide were "sufficiently egregious to constitute the sort of rare and 'extraordinary circumstances' that would justify the application of equitable tolling."

Stewart attached to his objections a copy of the Third District Court of Appeal docket sheet for the appeal of his Rule 3.850 motion. The docket sheet indicated that Stewart was represented by Ana M. Davide during this appeal. Stewart also attached a retainer agreement, "entered into on November 1, 2004 between CRYSTAL WILLIAMS, on behalf of KELVIN STEWART ("CLIENT"), and ROBYN M. BLAKE, P.A. ("ATTORNEY")." The agreement indicated that Stewart retained Blake to represent him in filing a habeas corpus petition. A certificate of service, signed by Blake, indicated that a copy of the retainer agreement was mailed to the Office of the Attorney General and the Office of the State Attorney on November 4, 2004.

On November 17, 2008, Stewart filed a motion for relief from judgment,

indicating that the motion was brought pursuant to Fed.R.Civ.P. 60(b), and asking the court to reverse (1) its order dismissing his § 2254 petition as untimely, and (2) its order denying his motion for an additional 10-day extension to file objections to the R&R. He also asked the court to consider the exhibits attached to his objections to the R&R, and asserted that these exhibits would show why his § 2254 petition was filed late. The district court issued an order denying Stewart's motion for relief from judgment, stating that it had reviewed all the pleadings, including Stewart's objections to the R&R, and determined that the motion should be denied "for the same reasons set forth in the Court's Final Order of Dismissal."

Stewart filed a motion for certificate of appealability, ("COA"), which the district court denied. We issued a COA on the following issue only: "Whether the district court erred in finding that Stewart's petition for writ of habeas corpus, 28 U.S.C. § 2254, was not entitled to equitable tolling on the basis of attorney misconduct?"

## II.

*Procedural Issues*

Although the COA focuses on whether the district court properly rejected Stewart's equitable tolling claims, we first discuss several procedural issues. See McCoy v. United States, 266 F.3d 1245, 1248 n.2 (11th Cir. 2001) (noting that

10

procedural issues that must be resolved before we can address the underlying claim specified in a COA are presumed to be encompassed within the COA). Stewart appeals the district court's order denying his Rule 60(b) motion for relief from judgment, in which Stewart asked the court to reverse (1) its order dismissing his § 2254 petition as untimely and (2) its order denying an additional 10-day extension in which to file objections to the magistrate's R&R. In his motion, Stewart argued that the district court's order denying the 10-day extension failed to account for the previous 60-day extension it had granted and erroneously stated that his objections had been due on April 29, 2008. He also asserted that the exhibits attached to his objections to the R&R would show why his § 2254 petition was not filed before the one-year AEDPA deadline.

We have acknowledged that "a Rule 60(b) motion is to be treated as a successive habeas petition if it: (1) 'seeks to add a new ground of relief;' or (2) 'attacks the federal court's previous resolution of a claim on the merits.'" Williams v. Chatman, 510 F.3d 1290, 1293-94 (11th Cir. 2007) (quoting Gonzalez v. Crosby, 545 U.S. 524, 532, 125 S.Ct. 2641, 2648, 162 L.Ed.2d 480 (2005)). However, where "a Rule 60(b) motion 'attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings,' the motion is not a successive habeas petition." Id. at

11

1294 (quoting Gonzalez, 545 at 532, 125 S.Ct. at 2648).  A "claim" is "an asserted federal basis for relief from a state court's judgment of conviction."  Id. (citing Gonzalez, 545 U.S. at 530, 125 S.Ct. at 2647).

In this instance, Stewart's Rule 60(b) motion is not a successive habeas petition.  First, Stewart does not seek to add a new ground of relief.  See Williams, 510 F.3d at 1293-94.  Instead, he challenges the district court's refusal to consider his objections to the R&R and asserts that the exhibits attached to these objections would bolster his argument that his § 2254 petition was entitled to equitable tolling.  Stewart also does not attack the district court's prior resolution of a claim on the merits.  See id. at 1293-94.  The district court did not address the claims raised in Stewart's original § 2254 petition, because it denied the petition as untimely.  See id. at 1294 (defining a "claim" as "an asserted federal basis for relief from a state court's judgment of conviction").  Accordingly, we do not consider Stewart's Rule 60(b) motion to be a successive habeas petition.

Stewart challenges two judgments in his Rule 60(b) motion: (1) the denial of a 10-day extension in which to file objections to the R&R, and (2) the district court's order dismissing his § 2254 petition as untimely.  We consider only the district court's dismissal of the § 2254 petition, because the denial of the 10-day extension is not covered by the COA.  See Diaz v. Dept. of Corr., 362 F.3d 698,

12

702 (11th Cir. 2004) (noting that "[a]ppellate review in a § 2254 proceeding is limited to the issues specified in the [COA]"). We consider Stewart's arguments regarding equitable tolling, even though these arguments were first raised in his objections to the R&R, because the district court specifically stated that it had considered Stewart's objections to the R&R in denying his Rule 60(b) motion for relief from judgment.

It appears that Stewart brings his motion for relief from judgment under Fed.R.Civ.P. Rule 60(b)(6), which provides that "the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . any . . . reason that justifies relief." Fed.R.Civ.P. Rule 60(b)(6). We review for abuse of discretion a district court's denial of a Rule 60(b) motion for relief from judgment. Williard v. Fairfield Southern Co., Inc., 472 F.3d 817, 821 (11th Cir. 2006).

*Equitable Tolling*

The AEDPA imposes a one-year statute of limitations for filing a federal habeas petition. 28 U.S.C. § 2244(d)(1). The limitation period under § 2244(d) may be equitably tolled where the "movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999). We

13

have noted that ordinary attorney negligence does not warrant equitable tolling. See Downs v. McNeil, 520 F.3d 1311, 1325 (11th Cir. 2008) (reaffirming that "ordinary attorney negligence does not warrant equitable tolling"). "When an attorney miscalculates a deadline, fails to adequately raise a potentially meritorious claim, or otherwise makes a run-of-the-mill mistake, a habeas petitioner must live with the consequences of the error." Id.

We have held that equitable tolling should not apply where an attorney misadvised his client as to the triggering of the AEDPA's one-year limitation. Helton v. Sec'y, Dept. Of Corr., 259 F.3d 1310, 1313 (11th Cir. 2001). We concluded that counsel's conduct did not amount to an extraordinary circumstance, and that Helton did not show due diligence because, even though his attorney put him on notice that there was confusion in this area of the law, Helton did not do his own research into the relevant provision. Id. In Downs, however, we vacated a district court order dismissing a habeas petition as untimely based on counsel's alleged behavior that "ran the gamut from acts of mere negligence to acts of gross negligence to acts of outright willful deceit." Downs, 520 F.3d at 1323. Although we viewed counsel's behavior as a whole, "it [was] material to the Downs decision that the alleged acts of attorney misconduct included affirmative misrepresentations by counsel about the filing of a state habeas petition: such a

14

filing would have tolled the federal habeas limitations period." Holland v. Florida, 539 F.3d 1334, 1339 (11th Cir. 2008), cert. granted, No. 09-5327 (U.S. Oct. 13, 2009) (emphasis in original).

Stewart bases his argument for equitable tolling on the fact that Blake informed him that she had filed his state habeas petition on November 4, 2004. Assuming Stewart's allegations are true, it would appear that Blake's conduct was more similar to the "overt deception" described in Downs, rather than mere negligence or gross negligence, because Blake affirmatively misrepresented to Stewart that a tolling motion had been filed. See Downs, 520 F.3d at 1322; Holland, 539 F.3d at 1339. However, to be eligible for equitable tolling based on attorney misconduct, a petitioner must show "not only 'extraordinary circumstances,' but also circumstances that are beyond the petitioner's control and unavoidable even with diligence." Downs, 520 F.3d at 1323. The record reflects that a state habeas petition was filed on December 22, 2004. The Florida appellate court's docket sheet indicates that this document was filed by Stewart himself. Since Stewart filed this document himself, he would have been aware that Blake had not filed the state habeas petition on November 4th, as promised. Thus, Stewart should have known that the limitations period had run untolled until December 22, 2004. By exercising due diligence, he could have recalculated the

deadline for filing his federal habeas petition, accounting for this additional, untolled time. See id. Furthermore, as of December 22, 2004, the limitations period had run untolled for only 274 days. Therefore, Stewart should have known, on December 22, 2004, that after the state court ruled on his habeas petition, he would have 91 days in which to file a federal petition. This stands in stark contrast to Downs, in which counsel filed the petitioner's state habeas petition only one day prior to the expiration of the federal statute of limitations. See id. at 1322. We specifically noted in Downs that the federal limitations period would have run by the time that the petitioner received notice of the state court's ruling on the state habeas petition. See id.

Stewart also argues that he is entitled to equitable tolling because Davide failed to return the case files to him until July 17, 2007. However, the magistrate found that Stewart's one-year statute of limitations did not expire until July 23, 2007. Because Stewart was filing pro se, the date on which he mailed the petition would be considered the filing date. See Adams v. United States, 173 F.3d 1339, 1341 (11th Cir. 1999). Thus, after receiving the files from Davide, Stewart had six days in which to prepare and submit his federal habeas petition. More importantly, there is no evidence that Davide's failure to return the record until July 23rd was the result of any egregious misconduct. At the most, Davide's failure to return the

16

record in a timely fashion may be considered negligent. This mere negligence is not the type of attorney misconduct that will trigger equitable tolling. See Downs, 520 F.3d at 1325. Because Stewart has failed to show that the untimeliness of his petition was the result of "extraordinary circumstances" that were "unavoidable even with diligence," he failed to show that he was entitled to equitable tolling and the district court correctly denied Stewart's § 2254 petition and his motion for relief from judgment. Accordingly, we affirm the district court's denial of Stewart's motion for relief from judgment.

**AFFIRMED.**