[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-10098
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 12, 2011
JOHN LEY
CLERK

D.C. Docket No. 0:09-cv-61873-MGC

DONALD ROPER,

                                                  Petitioner-Appellant,

versus

DEPARTMENT OF CORRECTIONS,

                                                  Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 12, 2011)

Before WILSON, MARTIN and BLACK, Circuit Judges.

PER CURIAM:

Donald Roper, a state prisoner proceeding pro se, appeals the district court's dismissal of his 28 U.S.C. § 2254 petition as untimely under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). For the reasons set forth below, we vacate the district court's dismissal of the petition and remand for an evidentiary hearing on the facts underlying Roper's request for equitable tolling.

I.

In January 2004, Roper pleaded guilty to various offenses, including burglary of a dwelling, grand theft, and dealing in stolen property, and was sentenced as a habitual violent felony offender. In July 2005, the Florida Fourth District Court of Appeals affirmed Roper's convictions and sentences. Roper filed a motion for rehearing, which was denied on September 15, 2005. The mandate issued on October 7, 2005.

On October 8, 2007, Roper filed, through counsel, a Florida Rule of Criminal Procedure 3.850 motion for post-conviction relief. That motion was denied by the trial court, and the Fourth District Court of Appeal issued a mandate affirming Roper's convictions on November 6, 2009. Ten days later, on November 16, 2009, Roper filed a § 2254 federal habeas petition in district court.

The district court referred Roper's petition to a magistrate judge. On April 13, 2010, the magistrate judge ordered Roper to show cause why his petition

should not be dismissed as untimely. In response, Roper conceded that his habeas petition was not timely filed but argued that he was entitled to equitable tolling. Specifically, Roper argued that the limitations period should be equitably tolled from September 13, 2006 until September 17, 2007. In his habeas petition, Roper asserted that his attorney "repeatedly assured" him, his mother, and his sister "during their frequent in-person and telephone contacts" that a Rule 3.850 motion had been filed on September 13, 2006. On September 17, 2007, however, the attorney admitted that no motion had, in fact, been filed and promised to file the Rule 3.580 motion by October 8, 2007. Roper also requested an evidentiary hearing.

The magistrate judge recommended that Roper's request for an evidentiary hearing be denied and that his habeas petition be dismissed as untimely.[1] The magistrate judge concluded that equitable tolling was not warranted because Roper had failed to establish his own diligence in pursuing his rights and because there was no evidentiary support for his allegations regarding his attorney's representations. Roper filed objections to the magistrate judge's report and

---

[1] The magistrate judge also explained in a footnote that even if Roper's habeas petition was not time barred, he would not be entitled to relief on the merits because his ineffective assistance claim was frivolous and his claimed trial court error was not cognizable in federal court.

3

recommendation. He submitted his own affidavit as well as affidavits from his

mother Ruth and his sister Cheryl stating:

> During our frequent in-person and telephone contacts, [counsel]
> and his office **repeatedly** assured Ruth, Cheryl, and Affiant that
> Affiant's Rule 3.850 motions had been timely filed on September 13,
> 2006.
> However, on September 17, 2007, [counsel] and his office **finally**
> conceded that Affiant's Rule 3.850 motions had yet to be filed and that
> he and his office would be timely filing those pleadings by October 8,
> 2007.

The district court overruled Roper's objections and adopted the magistrate

judge's report and recommendation. Roper requested a certificate of appealability

("COA") on whether "the district court err[ed] by summarily denying [his] petition

for writ of habeas corpus." The district court granted the COA without

specifically enumerating the issues for appellate review.[2]


II.

"We review a district court's decision to dismiss a petition for a writ of

habeas corpus de novo." San Martin v. McNeil, 633 F.3d 1257, 1265 (11th Cir.

---

[2] A district court may grant a COA if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The district court's COA must specify the issues on which the petitioner has made that showing. See id. § 2253(c)(3). However, "[t]he district court's failure to enumerate the issues for appellate review does not deprive us of jurisdiction." Putman v. Head, 268 F.3d 1223, 1227–28 (11th Cir. 2001). "[W]e may either remand to the district court with instructions to enumerate the issues, or we may rule which issues raised by the petitioner warrant a COA." Id. We take the second course here.

2011). "We also review de novo a district court's decision on equitable tolling." Id. "However, [a] district court's determinations of the relevant facts will be reversed only if clearly erroneous." Howell v. Crosby, 415 F.3d 1250, 1251 (11th Cir. 2005) (quotation marks omitted). "We review for abuse of discretion the denial of an evidentiary hearing for a habeas petition." Pugh v. Smith, 465 F.3d 1295, 1298 (11th Cir. 2006). Finally, "[w]e construe pro se filings, like [Roper's], liberally." Bellizia v. Fla. Dep't of Corrs., 614 F.3d 1326, 1329 (11th Cir. 2010).

AEDPA sets a one-year statute of limitations for filing a federal habeas petition challenging a state court judgment. See 28 U.S.C. § 2244(d)(1). The statute of limitations starts running on the latest of four events, including "the date on which the judgment became final." Id. § 2244(d)(1)(A). The Supreme Court has explained that "[f]inality attaches when [it] affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires." Clay v. United States, 537 U.S. 522, 527, 123 S. Ct. 1072, 1076 (2003).

The limitations period is statutorily tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The limitations period may be equitably tolled when a petitioner shows: "(1) that

he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." San Martin, 633 F.3d at 1267 (quotation marks omitted). "The diligence required for equitable tolling purposes is 'reasonable diligence,' not 'maximum feasible diligence.'" Holland v. Florida, ___ U.S.___, 130 S. Ct. 2549, 2565 (2010) (citations and quotation marks omitted). "As for the 'extraordinary circumstances' prong, . . . a defendant [must] show a causal connection between the alleged extraordinary circumstances and the late filing of the petition." San Martin, 633 F.3d at 1267.

In this case, AEDPA's one-year limitations period began to run on December 14, 2005 when Roper's state court judgment became "final."[3] See 28 U.S.C. § 2244(d)(1)(A); Clay, 537 U.S. at 527, 123 S. Ct. at 1076. Roper filed a Rule 3.850 motion on October 8, 2007. Ordinarily, a properly filed Rule 3.850 motion like Roper's statutorily tolls AEDPA's limitations period. See Brown v. Sec'y for Dep't of Corrs., 530 F.3d 1335, 1338 (11th Cir. 2008). However, in the absence of equitable tolling, Roper's motion did not statutorily toll AEDPA's

[3] Roper's motion for rehearing was denied by the Florida Fourth District Court of Appeal on September 15, 2005. On October 7, 2005, the mandate issued. As explained above, a state court judgment becomes final "when the time for filing a certiorari petion [with the United States Supreme Court] expires." Clay, 537 U.S. at 527, 123 S. Ct. at 1076. In Florida, the 90-day period for filing a petition for certiorari begins to run after a Florida appellate court affirms the conviction, not after the mandate is issued. See Chavers v. Sec'y, Fla. Dep't of Corrs., 468 F.3d 1273, 1275 (11th Cir. 2006). Thus, Roper's convictions became "final" on December 14, 2005, 90 days after September 15, 2005.

6

limitations period because it was filed 298 days after the limitations period expired

on December 14, 2006. See Tinker v. Moore, 255 F.3d 1331, 1333 (11th Cir.

2001) (explaining that "a state court petition . . . that is filed following the

expiration of the federal limitations period 'cannot toll that period because there is

no period remaining to be tolled'"); Downs v. McNeil, 520 F.3d 1311, 1318 (11th

Cir. 2008) (explaining that § 2244(d)(1)'s "limitations period should be calculated

according to the 'anniversary method' under which the limitations period expires

on the anniversary date it began to run"). Roper contends that equitable tolling is

warranted from September 13, 2006 to September 17, 2007. If Roper is right, then

his Rule 3.850 motion was filed before AEDPA's limitations period expired, and

his habeas petition is not time barred.

Roper says that equitable tolling is warranted because his lawyer

affirmatively misrepresented that his Rule 3.850 motion had been filed on

September 13, 2006. Roper's petition alleges that counsel "repeatedly assured

[him], his mother Cynthia 'Ruth' Roper, and his sister, Cheryl Roper, during their

frequent in-person and telephone contacts" that a Rule 3.850 motion was filed on

that date. On September 17, 2007, however, counsel "finally conceded" that no

Rule 3.850 motion had been filed and promised to file by October 8, 2007. In

support of his allegations, Roper submitted three affidavits with his objections to

7

the magistrate judge's report and recommendation. In those affidavits, Roper, his mother, and his sister averred that: "During our frequent in-person and telephone contacts, [counsel] and his office repeatedly assured Ruth, Cheryl, and Affiant that Affiant's Rule 3.850 motions had been timely filed on September 13, 2006." On September 17, 2007, counsel "finally conceded that [Roper's] Rule 3.850 motions had yet to be filed and that he and his office would be timely filing those pleadings by October 8, 2007."

We have noted that "ordinary attorney negligence does not warrant equitable tolling." Downs, 520 F.3d at 1325; see also Holland, 130 S. Ct. at 2564 ("[A] garden variety claim of excusable neglect, such as a simple miscalculation that leads a lawyer to miss a filing deadline, does not warrant equitable tolling." (citations and quotation marks omitted)). However, as the Supreme Court recently explained in Holland, equitable tolling can be applied in the "absence of an allegation and proof of bad faith, dishonesty, divided loyalty, [or] mental impairment." See 130 S. Ct. at 2559–60 (quoting Holland v. Florida, 539 F.3d 1334, 1339 (11th Cir. 2008); id. at 2563–64 (explaining that "professional misconduct that fails to [rise to that level] could nonetheless amount to egregious behavior and create an extraordinary circumstance that warrants equitable tolling"). Here, Roper alleges that counsel affirmatively misrepresented that a

8

Rule 3.850 motion had been filed on September 13, 2006. Affirmative misrepresentations by counsel about the filing of a state habeas petition can constitute extraordinary circumstances that warrant equitable tolling. See Downs, 520 F.3d at 1325 (vacating a district court's order dismissing a habeas petition as untimely where the petitioner alleged that his attorney made affirmative misrepresentations about the filing of a state habeas petition that would have tolled the limitations period).

To be eligible for equitable tolling, however, the petitioner must show "a causal connection between the alleged extraordinary circumstances and the late filing of the petition." San Martin, 633 F.3d at 1267. The affidavits Roper submitted do not include the dates that counsel "repeatedly assured" Roper and his family members that a Rule 3.850 motion had been filed on September 13, 2006. Based on the affidavits, counsel's purported misconduct occurred sometime prior to September 17, 2007, the date that counsel "finally conceded" no Rule 3.850 motion had been filed. In order for a connection to exist between counsel's misconduct and the late filing of Roper's petition, the misrepresentations would have had to have been made before December 14, 2006, the date that AEDPA's

limitations period would have expired in the absence of tolling.[4]  See id.  Because

we construe pro se filings liberally, see Bellizia, 614 F.3d at 1329, and that set of

facts, if proven, would constitute "extraordinary circumstances," we conclude that

the district court abused its discretion in denying Roper's request for an

evidentiary hearing.[5]  Unlike in San Martin, there is reason to believe that an

---

[4]  The premise of Roper's argument is that he relied on the truthfulness of counsel's representation that a Rule 3.850 motion had been filed on September 13, 2006.  However, even if it is true that counsel made misrepresentations to Roper about the filing of the motion, if counsel did not make those misrepresentations until after December 14, 2006, no connection exists between counsel's misconduct and the late filing of Roper's petition.  In other words, in order for the filing of the Rule 3.850 motion to toll AEDPA's limitations period, the motion had to be filed before the limitations period expired on December 14, 2006.  See Tinker, 255 F.3d at 1333.  Thus, if all contact between counsel and Roper and his family members occurred after December 14, 2006, counsel's misrepresentations, even if proven, did not have a "causal connection . . . [to] the late filing of the petition."  San Martin, 633 f.3d at 1267.

[5]  We note that a petitioner must show "not only 'extraordinary circumstances,' but also circumstances that are beyond the petitioner's conduct and unavoidable even with diligence" in order for equitable tolling to be available.  Downs, 520 F.3d at 1323.  Based on the allegations in the affidavits Roper submitted, Roper and his family members frequently contacted counsel in person and by telephone and were assured that a Rule 3.850 motion had been filed on September 13, 2006.  Roper purportedly learned that no motion had been filed on September 17, 2007.  By that time, AEDPA's one-year limitations period had already expired.  Thus, through the exercise of reasonable diligence, Roper could not have accounted for the untolled time and filed a timely habeas petition.  Roper's window for filing a timely petition had already expired. Cf. Stewart v. Sec'y, Fla. Dep't Corrs., 355 F. App'x 275, 281 (11th Cir. 2009) (unpublished) (concluding that equitable tolling was not warranted where counsel affirmatively misrepresented that a tolling motion had been filed because "[b]y exercising due diligence, [the petitioner] could have recalculated the deadline for filing his federal habeas petition, accounting for [the] additional, untolled time").

The district court found that Roper had failed to show reasonable diligence in pursuing his rights.  The district court observed that Roper's 3.850 motion was timely filed and noted that there was no evidence in the record that Roper "contacted counsel in an attempt to clarify the deadline for filing the motion."  Roper's argument for equitable tolling is based on the allegation that counsel affirmatively misrepresented that he filed a Rule 3.850 motion on September 13,

evidentiary hearing would help Roper demonstrate the required extraordinary circumstances to warrant equitable tolling. 633 F.3d at 1272. Moreover, Roper has proffered evidence in support of his claim for equitable tolling, and thus the record provides a basis for further inquiry by the district court. See id. Accordingly, we vacate the district court's dismissal of Roper's habeas petition and remand for an evidentiary hearing on the facts underlying his request for equitable tolling.

VACATED AND REMANDED.

---

2006. As explained above, "[t]he diligence required for equitable tolling purposes is 'reasonable diligence,' not maximum feasible diligence.'" Holland, 130 S. Ct. at 2565. Upon being told by counsel that a Rule 3.850 motion had been filed, Roper was not required to discount counsel's representation in order to show "reasonable diligence." Thus, we conclude that the district court's due diligence finding was clearly erroneous. Drew v. Dep't of Corrs., 297 F.3d 1278, 1283 (11th Cir. 2002) ("[A] determination regarding a [petitioner's] diligence is a finding of fact that will not be disturbed unless clearly erroneous." (quotation marks omitted)).