[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 07-10573
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
April 30, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 06-02776-CV-RLV-1

EUGENE HAMMOND,

Petitioner-Appellant,

versus

DAVID FRAZIER,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(April 30, 2008)**

Before EDMONDSON, Chief Judge, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Eugene Hammond, a Georgia state prisoner, filed a habeas petition pursuant

to 28 U.S.C. § 2254, which the magistrate judge recommended dismissing as untimely. Alleging that post-conviction counsel falsely told him that counsel had filed the state habeas petition and repeatedly ignored his requests to return court records, Hammond argued that the court should have considered equitable tolling. Without the application of equitable tolling, the petition was untimely. The district court adopted the magistrate judge's recommendation and dismissed the petition as untimely. The district court then granted a certificate of appealability ("COA") on the following issue: "whether attorney negligence can provide a basis for equitable tolling with respect to the filing requirements of the AEDPA, 28 U.S.C. § 2244(d)?"[1]

We review the district court's denial of equitable tolling de novo. Drew v. Dep't of Corr., 297 F.3d 1278, 1283 (11th Cir. 2002).

The AEDPA imposes a one-year statute of limitations for filing a federal habeas petition that runs from, inter alia, the date on which the judgment became final. 28 U.S.C. § 2244(d)(1)(A). Properly filed state post-conviction motions can toll the limitations period. 28 U.S.C. § 2244(d)(2). In addition, the limitations period may equitably toll under certain circumstances. Wade v. Battle, 379 F.3d 1254, 1265 (11th Cir. 2004).

---

[1] We construe this to include all attorney misconduct.

2

Equitable tolling requires the petitioner to show that the circumstances were "both beyond his control and unavoidable even with due diligence." Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000). The remedy is applied sparingly. Id.

In Lawrence v. Florida, 127 S.Ct. 1079 (2007), the Supreme Court held that attorney miscalculations do not entitle a prisoner to equitable tolling; see also Pugh v. Smith, 465 F.3d 1295 (11th Cir. 2006) (attorney mistake or negligence is not a basis for equitable tolling). This court's recent opinion in Downs v. McNeil, 520 F.3d 1311 (11th Cir. 2008), makes clear that, although mere attorney negligence does not entitle a petitioner to equitable tolling, some forms of serious attorney misconduct may qualify. 520 F.3d at *8, 11-13.

Here, the district court made no factual findings regarding the level of attorney misconduct or if the circumstances were beyond Hammond's control and unavoidable with the exercise of due diligence. Accordingly, we VACATE and REMAND with instructions for the district court to conduct an evidentiary hearing.

VACATED and REMANDED.