[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 07-13366

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 18, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 06-20182 CV-PAS

ALBERT HOLLAND, JR.,

Petitioner-Appellant,

versus

STATE OF FLORIDA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(August 18, 2008)**

Before EDMONDSON, Chief Judge, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

Albert Holland (Petitioner), a prisoner on Florida's death row, filed a

petition for a writ of habeas corpus in federal district court pursuant to 28 U.S.C. §

2254. The district court dismissed the petition as untimely because it was filed beyond the one-year limitations period provided by 28 U.S.C. § 2244(d)(1). On appeal, Petitioner argues that he was entitled to equitable tolling of the limitations period for filing his federal habeas petition because of egregious conduct by his counsel during his post-conviction proceedings. Seeing no reversible error, we affirm the district court's dismissal of Petitioner's petition.

## I. Background

In 1996, Petitioner was convicted of first-degree murder, attempted first-degree murder, attempted sexual battery, and armed robbery.[1] The state trial court sentenced Petitioner to death on the first-degree murder conviction. In 2000, the Florida Supreme Court affirmed Petitioner's convictions and sentences, see Holland v. State, 773 So. 2d 1065 (Fla. 2000), and the United States Supreme Court denied *certiorari* on 1 October 2001. See Holland v. Florida, 122 S. Ct. 83 (2001).[2]

---

[1]This conviction followed Petitioner's second trial on the charged conduct. The Florida Supreme Court overturned Petitioner's prior conviction and sentence on grounds unrelated to this appeal.

[2]In November 2001, the state circuit court appointed attorney Bradley Collins to represent Petitioner.

On 19 September 2002, Petitioner filed a motion for post-conviction relief in the state trial court. The state court denied relief, and Petitioner appealed to the Florida Supreme Court. Petitioner also petitioned the Florida Supreme Court for a writ of habeas corpus.[3] The state supreme court held oral argument on 10 February 2005.

While his post-conviction proceedings were pending in the Florida Supreme Court, Petitioner sent two letters to Collins–one on 3 March 2005, the other on 15 June 2005–in which he inquired about the status of his appeal and expressed concern about the timely filing of his federal habeas petition. Collins did not respond to Petitioner's letters.

In October 2005, Petitioner also contacted the Florida Supreme Court about the use of its website "so that he could secure the assistance of outside supporters to keep him updated about the appeal."[4] In response, the clerk of the Florida Supreme Court mailed Petitioner printouts of the website with instructions about the menu options to be used.

---

[3]Unsatisfied with Collins's representation, Petitioner filed a *pro se* motion to remove Collins as counsel and to appoint other counsel in February 2004 and again in June 2004. The state opposed these motions, and the state court denied them.

[4]As an inmate on death row, Petitioner lacked access to a computer.

On 10 November 2005, the Florida Supreme Court affirmed the denial of Petitioner's motion for post-conviction relief and denied his habeas petition; the mandate issued on 1 December 2005.[5]  See Holland v. State, 916 So. 2d 750 (Fla. 2005).  Unaware of the state supreme court's decision, Petitioner–on 9 January 2006–wrote to Collins a third time regarding the status of his appeal and the status of his federal habeas petition.  Collins had not responded to Petitioner's letter by 19 January, at which time Collins spoke to Petitioner.

On 18 January 2006, during a visit to the prison's writ room, Petitioner learned that the Florida Supreme Court denied his appeal.  Petitioner telephoned Collins the next morning.[6]  Later that day, Petitioner, acting *pro se*, filed a habeas petition in federal district court.

About two months later, Petitioner moved the district court to discharge Collins and to appoint new counsel.  In June 2006, the district court allowed Collins to withdraw and appointed other counsel to represent Petitioner.  Later, in response to a federal order to show cause, Petitioner, through current counsel (that is, not Collins), filed a pleading asserting that Petitioner was entitled to equitable

[5]On 8 February 2006, Petitioner, through Collins, sought review of the denial of state post-conviction relief in the United States Supreme Court.  The Court denied *certiorari* on 17 April 2006.

[6]Collins had written a letter to Petitioner–received by Petitioner on 19 January 2006–expressing Collins's intention to file a petition for *certiorari* in the United States Supreme Court.

tolling of the limitations period for filing his federal habeas petition. The district court concluded that equitable tolling was not warranted and dismissed Petitioner's petition as untimely. The district court then granted a certificate of appealability on the following issue: "whether equitable tolling enlarged the one-year time period for [Petitioner] to file his 28 U.S.C. § 2254 petition."

## II. Standard of Review

We review the district court's denial of equitable tolling *de novo*. Drew v. Dep't of Corr., 297 F.3d 1278, 1283 (11th Cir. 2002). We review a trial court's decision whether to conduct an evidentiary hearing on an equitable tolling claim for an abuse of discretion. Id.

## III. Discussion

Pertinent to this case, the Antiterrrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), imposes a one-year statute of limitations for filing a federal habeas petition that runs from the date on which the state court judgment of conviction becomes final. 28 U.S.C. §

2244(d)(1)(A). A judgment of conviction becomes final when "the Supreme Court has had an opportunity to review the case or the time for seeking review has expired." Coates v. Byrd, 211 F.3d 1225, 1226 (11th Cir. 2000). Under 28 U.S.C. § 2244(d)(2), the limitations period is tolled for the time during which "a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."

That Petitioner filed his federal habeas petition beyond the one-year limitations period provided by 28 U.S.C. § 2244(d)(1) is undisputed. Petitioner's limitations period began running on 1 October 2001, the date on which the United States Supreme Court denied *certiorari* on the direct appeal of Petitioner's convictions and sentences. Petitioner filed his motion for state post-conviction relief–a motion which tolled the limitations period–on 19 September 2002: 353 days later; thus, eleven months and nineteen days of the one-year period had expired before this state court filing.

Petitioner's post-conviction motion was denied, and the Florida Supreme Court affirmed the denial on 10 November 2005; the mandate issued on 1 December 2005. So, Petitioner then had eleven days, or until 12 December 2005, to file timely his federal habeas petition. Petitioner filed his petition on 19 January 2006: 38 days late.

Nonetheless, Petitioner's federal habeas petition may still be considered timely if he is entitled to equitable tolling. "Equitable tolling can be applied to prevent the application of AEDPA's statutory deadline when 'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition." Helton v. Sec'y for Dep't of Corr., 259 F.3d 1310, 1312 (11th Cir. 2001). Equitable tolling is an extraordinary remedy that must be applied sparingly. Drew, 297 F.3d at 1286. "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." Id. "To be entitled to equitable tolling, [Petitioner] must show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Lawrence v. Florida, 127 S. Ct. 1079, 1085 (2007). A truly extreme case is required.

Petitioner points to several things that he contends demonstrate extraordinary circumstances: (1) Collins's alleged "egregious conduct"; (2) the Florida Supreme Court's failure to conduct oversight of his appointed attorney; (3) the state clerk's office's failure to inform him that his appeal had been denied; and (4) the Department of Corrections's refusal to allow Petitioner access to the "writs

7

room."[7]  Petitioner argues that these circumstances are extraordinary and both beyond his control and unavoidable despite his diligent efforts.  We disagree.

On Collins's alleged "egregious conduct," this Court has said repeatedly that even attorney negligence is not a basis for equitable tolling.  Helton, 259 F.3d at 1313; Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000); Sandvik v. United States, 177 F.3d 1269, 1271-72 (11th Cir. 1999); see also Lawrence, 127 S. Ct. at 1085 ("Attorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel."). But recently we addressed whether attorney misconduct going beyond "mere negligence" may constitute an extraordinary circumstance warranting equitable tolling.  See Downs v. McNeil, 520 F.3d 1311 (11th Cir. 2008).

In Downs, we vacated a district court order dismissing a habeas petition as untimely based on counsel's alleged behavior that "ran the gamut from acts of mere negligence to acts of gross negligence to acts of outright willful deceit."  Id. at 1323.  Although we viewed counsel's behavior as a whole, it is material to the Downs decision that the alleged acts of attorney misconduct included affirmative

---

[7]Petitioner also notes his "long history of mental illness" as a factor in evaluating his claim for equitable tolling.  Petitioner does not explain how his "mental illness" had a material effect on his failure to file timely his habeas petition.

8

misrepresentations by counsel about the filing of a state habeas petition: such a filing would have tolled the federal habeas limitations period.[8] Id. at 1323-24. In Downs, we repeatedly and specifically noted counsel's lie: one that deprived the unknowing petitioner of as many as three months of his limitations period before it was discovered.[9] Id.

In contrast to Downs, Petitioner made in the district court no allegation of knowing or reckless factual misrepresentation or of lawyer dishonesty. Instead, Petitioner's allegations are limited to Collins's failure to communicate with Petitioner on the status of his case and to Collins's failure to file a federal habeas petition timely, despite repeated instructions to do so. We will assume that Collins's alleged conduct is negligent, even grossly negligent. But in our view, no allegation of lawyer negligence or of failure to meet a lawyer's standard of care–in the absence of an allegation and proof of bad faith, dishonesty, divided loyalty, mental impairment or so forth on the lawyer's part–can rise to the level of

---

[8]In two recent unpublished decisions, we reached similar conclusions. See Kicklighter v. United States, No. 07-14945, 2008 WL 2421728 (11th Cir. June 17, 2008) (unpublished); Hammond v. Frazier, No. 07-10573, 2008 WL 1891478 (11th Cir. Apr 30, 2008) (unpublished). Both cases involved allegations of affirmative misrepresentations by counsel. Kicklighter, 2008 WL 2421728, at *1 (petitioner alleged that counsel "lied to him about whether the appeal had been filed"); Hammond v. Frazier, 2008 WL 1891478, at *1 (petitioner alleged that "post-conviction counsel falsely told him that counsel had filed the state habeas petition").

[9]The defendant in Downs missed the deadline for filing his habeas petition by only eight days.

9

egregious attorney misconduct that would entitle Petitioner to equitable tolling. Pure professional negligence is not enough. This case is a pure–professional–negligence case. We decline to extend Downs to the different facts of this case.[10]

In a similar way, we are not persuaded that the alleged acts of the Florida Supreme Court or the Department of Corrections would entitle Petitioner to equitable tolling. The alleged failure by the Florida Supreme Court to conduct oversight of Petitioner's appointed attorney is not an "extraordinary circumstance" entitling Petitioner to equitable tolling. See Lawrence, 127 S. Ct. at 1085-86 (that a state court appoints and supervises counsel "does not make the State accountable for a prisoner's delay"). And Petitioner presents no evidence that he ever asked–before the limitations period for filing his federal habeas petition had run–that the Florida Supreme Court provide him directly with notice of the decision on his post-conviction appeal. The letter that Petitioner presents to support his contention that the Florida Supreme Court should have provided him with notice was dated 21 December 2005: nine days after Petitioner's deadline for

---

[10]We recall the maxim that "[e]very exception not watched, tends to take the place of the rule." See S. Peloubet, Legal Maxims 294 (1884) (1985 ed.) ("Toute exception non surveillee tend a prendre la place du principe."). We are attempting to keep the exception for extraordinary circumstances from being the rule.

10

filing his federal habeas petition had passed. Likewise, the incident in which the Department of Corrections allegedly denied Petitioner access to the "writs room" took place on 9 January 2006: 28 days beyond the limitations period. Even assuming the allegations are true, Petitioner cannot reasonably argue that the incidents to which he draws our attention–both occurring after the limitations period had run–prevented him from filing a federal habeas petition timely.

We are satisfied that the district court did not err in declining to hold an evidentiary hearing on the issue of equitable tolling. "Section 2244 of Title 28 of the United States Code does not require a hearing on the issue of time-bar or equitable tolling, so the decision as to whether to conduct an evidentiary inquiry is a matter left to the sound discretion of the district court." Drew, 297 F.3d at 1292. Petitioner has offered no reason to believe an evidentiary hearing would help him demonstrate the required extraordinary circumstances to warrant equitable tolling.

## IV. Conclusion

For the foregoing reasons, the district court's dismissal of Petitioner's petition for a writ of habeas corpus as untimely is affirmed.

AFFIRMED.