[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-11434
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
November 20, 2008
THOMAS K. KAHN
CLERK

D. C. Docket Nos. 06-00630-CV-J-20-HTS,
CR-02-00187-J-2

SELVIN GENE BROWN,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(November 20, 2008)

Before DUBINA, CARNES and WILSON, Circuit Judges.

PER CURIAM:

Appellant Selvin Gene Brown, through counsel, appeals the district court's

order denying his 28 U.S.C. § 2255 motion to vacate his sentence as time-barred. On appeal, Brown concedes that he filed his § 2255 motion after the applicable statute of limitations had expired. Nevertheless, Brown argues that the statute of limitations should be equitably tolled because, due to his extreme communication problems, Brown had no way of finding out about his right to file a habeas petition before the statute-of-limitations period expired. Psychologists who examined Brown determined that he was illiterate and that he had problems communicating both verbally and using sign language.

We conduct a *de novo* review of a district court's denial of equitable tolling. *Holland v. Florida*, 539 F.3d 1334, 1338 (11th Cir. 2008). A federal prisoner must ordinarily file a § 2255 motion to vacate his sentence within one year of, *inter alia*, the date his judgment of conviction becomes final. 28 U.S.C. § 2255(f)(1). A conviction becomes final once the time for filing a direct appeal has expired. *Akins v. United States*, 204 F.3d 1086, 1089 n.1 (11th Cir. 2000).

However, a petition filed outside this one-year window may still be considered timely if the reviewing court applies equitable tolling. *Holland*, 539 F.3d at 1338. The petitioner bears the burden of proving that equitable tolling is applicable, and to do so, he must establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood

in his way and prevented timely filing." *Id.* (quoting *Lawrence v. Florida*, ___ U.S. ___, 127 S. Ct. 1079, 1085 (2007)). Equitable tolling is only granted in "extraordinary" circumstances. *Id.* We have rejected an argument that a limited ability to communicate in English provides a basis for equitable tolling. *United States v. Montano*, 398 F.3d 1276, 1280 n.5 (11th Cir. 2005). In addition, tolling does not operate to revive an expired limitations period. *See Downs v. McNeil*, 520 F.3d 1311, 1325 (11th Cir. 2008); *Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003).

After reviewing the record, we conclude that equitable tolling does not apply to extend Brown's filing period because, for the majority of the period while the statute of limitations was running, he was imprisoned at a facility where he could communicate with the staff members, and there is no evidence that Brown was pursuing his rights diligently during this time. Accordingly, we conclude that the district court did not err in denying Brown's petition as time-barred, and we affirm its order.

**AFFIRMED.**