[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 13, 2009
THOMAS K. KAHN
CLERK

----------------------------------------

No. 07-14790
Non-Argument Calendar

----------------------------------------

D.C. Docket No. 07-14004-CV-KMM

JERRY MILLER,

Petitioner-Appellant,

versus

STATE OF FLORIDA,

Respondent-Appellee.

----------------------------------------
Appeal from the United States District Court
for the Southern District of Florida
----------------------------------------

**(January 13, 2009)**

Before EDMONDSON, Chief Judge, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

Pro se Appellant Jerry Miller ("Appellant") appeals the dismissal of his habeas corpus petition as time-barred by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996). The district court did not err by denying equitable tolling; we affirm.

In 1996, a jury convicted Appellant of attempted second-degree murder of a correctional officer; aggravated battery involving great bodily harm to a law-enforcement officer; aggravated battery of a law-enforcement officer with a deadly weapon; and battery of a law-enforcement officer. A habitual felony offender, Appellant was sentenced to two terms of life imprisonment, running concurrent with sentences for ten and thirty years.

Appellant's conviction became final on 3 November 1998: ninety days after the conclusion of his direct appeal. Accordingly, the one-year statute of limitations for filing timely a federal habeas petition expired on 4 November 1999. See 28 U.S.C. § 2244(d)(1). Appellant did not commence state post-conviction relief proceedings until 7 August 2000, when he filed a Rule 3.850 motion with the state of Florida.[1] He then filed a 28 U.S.C. § 2254 petition for writ of habeas corpus on

---

[1]Had Appellant filed a 3.850 petition during AEDPA's one-year statute of limitations, that filing would have tolled the one-year period. The statute of limitations was not tolled, however, because Appellant filed the 3.850 petition more than one year after the conviction became final.

21 December 2006. On 28 January 2008, this Court granted Appellant's application for a Certificate of Appealability on whether Appellant was entitled to equitable tolling because he was denied access to the law library due to his "close management" status in prison.[2]

Appellant maintains that the district court should have equitably tolled the limitation period because his close-management status prevented him from visiting the prison library and from consulting with prison law clerks. He also argues that his lack of education and inability to access legal assistance prevented him from timely filing for post-conviction relief and that those circumstances justify equitable tolling.

The district court determined that Appellant was not entitled to equitable tolling based on close-management status; even restricted access to a law library, lock-downs, and solitary confinement do not qualify as ordinary circumstances warranting equitable tolling. See, e.g., Akins v. United States, 204 F.3d 1086, 1089–90 (11th Cir. 2000). Moreover, Appellant's close-management status was the result of his own violent acts towards prison officials -- not unlawful action by the state. In addition, Appellant was not entitled to equitable tolling because of his

_____

[2]Our review is limited to the issues specified in the Certificate of Appealability. See Murray v. United States, 145 F.3d 1249, 1250–51 (1998). We will not, therefore, examine issues beyond the COA.

lack of legal training, see United States v. Montano, 398 F.3d 1276, 1280 n.5 (11th Cir. 2005) (even alleged language difficulties did not constitute extraordinary circumstances for equitable tolling). Neither was tolling justified by an inability to obtain appointed counsel. See Coleman v. Thompson, 111 S. Ct. 2546, 2566 (1991) (no constitutional right to attorney in state post-conviction proceedings).

We review a district court's denial of equitable tolling de novo. Lawrence v. Florida, 421 F.3d 1221, 1224 (11th Cir. 2005). Because the district court's determination of relevant facts will only be reversed if clearly erroneous, Dorsey v. Chapman, 262 F.3d 1181, 1185 (11th Cir. 2001), we affirm the district court's findings of fact unless "the record lacks substantial evidence to support that determination." Drew v. Dep't of Corr., 297 F.3d 1278, 1283 (11th Cir. 2002) (internal quotations omitted).

To obtain equitable tolling -- "an extraordinary remedy that must be applied sparingly" -- an Appellant carries the burden of showing that he was diligent in his efforts to file timely and that extraordinary and unavoidable circumstances prevented the Appellant from filing timely. See Holland v. Florida, 539 F.3d 1334, 1338 (11th Cir. 2008). "A truly extreme case is required." Id.

4

Appellant does not demonstrate extraordinary circumstances or diligence in his effort to obtain relief.  The state contends that Appellant was not denied access to the law library and that he could and did communicate about his case with people outside the prison --  including many lawyers.[3] Inmate law-clerks are by statute available to provide research assistance to inmates, like Appellant, who are under close-management status. See Fla. Admin. Code Ann. R. 33-501.301(3)(e) (providing inmate law-clerk services to disabled and illiterate inmates upon request).  Appellant offers no record evidence rebutting the state contentions; his bare assertions regarding lack of library access are both conclusory and contrary to state statute. See Drew, 297 F.3d at 1292–93 (denying evidentiary hearing on equitable tolling because Petitioner's allegations were conclusory). Appellant does not demonstrate extraordinary circumstances that warrant equitable tolling.

Appellant also fails to carry the burden of proving the diligence required for this court to grant equitable tolling. Filing a Rule 3.850 motion only two days before Florida's statute of limitations expired does not demonstrate the diligence necessary for equitable tolling. Neither does the 642 days that elapsed between Appellant's conviction becoming final on 3 November 1998 and the Rule 3.850

---

[3]Thus, Appellant -- even when under close-management status -- had access to legal sources both inside and outside of prison.

petition he filed on 7 August 2000. Neither did Appellant exhibit diligence in filing a federal habeas petition.

Appellant demonstrates neither diligence nor extraordinary circumstances. He is not entitled to the extraordinary remedy of equitable tolling. Accordingly, we affirm the district court's dismissal of Appellant's petition as untimely.

AFFIRMED.