**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JEMAIN HUNTER,

        Petitioner - Appellant,

v.

GEORGE GALAZA,

        Respondent - Appellee.

No. 07-17202

D.C. No. CV-05-01300-OWW

MEMORANDUM [*]

Appeal from the United States District Court
for the Eastern District of California
Oliver W. Wanger, District Judge, Presiding

Submitted February 8, 2010[**]
San Francisco, California

Before: O'SCANNLAIN, TROTT and PAEZ, Circuit Judges.

    Jemain Hunter appeals the district court's order dismissing as untimely his

habeas petition filed pursuant to 28 U.S.C. § 2254. Hunter argues he is entitled to

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

equitable tolling of the statute of limitation. We review de novo, <u>Spitsyn v. Moore</u>, 345 F.3d 796, 799 (9th Cir. 2003), and we affirm.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") contains a one-year statute of limitation for habeas petitions. 28 U.S.C. § 2244(d)(1). The statute began to run on September 21, 2004, 90 days after the California Supreme Court denied Hunter's petition for review, when the time for petitioning for a writ of certiorari expired. 28 U.S.C. § 2244(d)(1)(A). Hunter's federal petition was thus due September 21, 2005. He filed the petition 16 days late, on October 7, 2005.

Equitable tolling "is unavailable in most cases," and "the threshold necessary to trigger equitable tolling under AEDPA is very high, lest the exceptions swallow the rule." <u>Miranda v. Castro</u>, 292 F.3d 1063, 1066 (9th Cir. 2002) (internal quotations omitted). A habeas petitioner is entitled to equitable tolling only if he shows "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." <u>Lawrence v. Florida</u>, 549 U.S. 327, 336 (2007) (quoting <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 418 (2005)). Although an attorney's behavior can establish the extraordinary circumstances required for equitable tolling, mere negligence or professional malpractice is insufficient. <u>Frye v. Hickman</u>, 273 F.3d

2

1144, 1146 (9th Cir. 2001).  Rather, the attorney must have committed "egregious misconduct."  Shannon v. Newland, 410 F.3d 1083, 1090 (9th Cir. 2005).

Hunter's counsel on direct appeal failed to inform Hunter when the California Supreme Court denied his petition for review.  He also moved his office without notifying Hunter, making it difficult for Hunter to contact him.  This behavior, although negligent, does not rise to the level of egregious misconduct required under this court's precedent.[1]  Cf. Spitsyn, 345 F.3d at 801 (allowing equitable tolling where petitioner's counsel was hired almost a year in advance, failed to do anything to prepare the petition or to respond to numerous letters and phone calls, and withheld petitioner's file for over two months after the limitations period expired).  The district court properly dismissed Hunter's habeas petition as untimely.

AFFIRMED.

---

[1] We note that the United States Supreme Court has granted a petition for certiorari in Holland v. Florida, 539 F.3d 1334 (11th Cir. 2008), cert. granted, 130 S. Ct. 398 (2009).  In Holland, the petitioner's attorney failed to notify his client of a state court disposition in his case.  Assuming that the attorney's conduct was "grossly negligent," the Eleventh Circuit declined to apply equitable tolling because the petitioner had made no allegation of "bad faith, dishonesty, divided loyalty, mental impairment or so forth on the lawyer's part."  Id. at 1339.

3