E. GRADY JOLLY, Circuit Judge:
This court authorized James Lee Henderson, a Texas death row inmate, to file a successive federal habeas petition to assert a claim that he is mentally retarded and thus ineligible for execution under Atkins v. Virginia, 536 U.S. 304, 122 S.Ct. 2242, 153 L.Ed.2d 335 (2002). In our order authorizing the filing, we noted that, unless the doctrine of equitable tolling applies, Henderson’s successive petition is time-barred. In re Henderson, 462 F.3d 413, 417 (5th Cir.2006). We left “it for the district court to decide whether Henderson’s case presents the ‘rare and exceptional circumstances’ that would entitle him to the benefit of equitable tolling.” Id.
*775 The district court held that Henderson is not entitled to equitable tolling and did not reach the question whether the state court unreasonably determined that Henderson is not mentally retarded. The district court granted a certificate of appealability (COA) for two issues that are now before us for resolution: (1) whether Henderson’s mental retardation claim is time-barred because he is not entitled to equitable tolling; and (2) whether the court nevertheless should reach the merits of Henderson’s mental retardation claim because he is “innocent” of the death penalty.
I.
Henderson was convicted and sentenced to death for the October 1993 capital murder of Martha Lennox in Clarksville, Texas. His conviction and sentence were affirmed on direct appeal. Henderson v. State, No. 71,928 (Tex.Crim.App.1996) (unpublished). He did not file a petition for a writ of certiorari.
On March 5, 1997, the trial court appointed Pamela Campbell to represent Henderson in state habeas proceedings. In Henderson’s first state habeas application, filed on August 28, 1997, he raised claims of ineffective assistance of counsel. On July 8, 1998, the Texas Court of Criminal Appeals denied relief. Ex parte Henderson, No. 37,658-01 (Tex.Crim.App. July 8, 1998), cert. denied, 525 U.S. 1004, 119 S.Ct. 516, 142 L.Ed.2d 428 (1998).
On August 7, 1998, Henderson filed a motion for appointment of counsel in federal district court. The district court granted the motion on August 24, appointing Clifton Holmes and Eric Albritton (who currently represents Henderson on his Atkins claim) to represent Henderson. On October 27, 1998, the district court entered a scheduling order setting a deadline of January 4, 1999, for Henderson to file his federal habeas petition. The district court also stayed Henderson’s execution, which was set for December 2, 1998.
In December 1998, Henderson’s federal habeas counsel’s investigator obtained a series of sworn statements from Deon Williams, who had testified against Henderson at trial, in which Williams recanted much of his trial testimony. On December 31, 1998, Henderson filed a motion in federal court to vacate the scheduling order. That same day, he filed a successive state habeas application in the trial court, raising claims of perjured testimony based on Williams’s recantation. The state habeas application was prepared by Clifton Holmes and Eric Albritton, the same attorneys the district court had appointed to represent Henderson in the federal habeas proceedings. On January 12, 1999, the district court entered an order granting Henderson’s motion to vacate the scheduling order. In that order, the court stated that it expected Henderson to inform the court of the status of his state habeas application (which at that time was pending before the Texas Court of Criminal Appeals) by January 27,1999.
Henderson complied by filing his federal habeas petition on January 27, 1999. It was held in abeyance pending the Texas court’s ruling on Henderson’s successive state habeas application. On October 27, 1999, the Texas Court of Criminal Appeals dismissed Henderson’s second state habeas application as an abuse of the writ. Henderson next filed an amended federal habeas petition on March 1, 2000, asserting the claims regarding Deon Williams’s recantation, that he had exhausted in his second state habeas application.
The district court conducted an evidentiary hearing in March 2001, and denied Henderson’s petition for federal habeas relief that September. It granted a certifi *776 cate of appealability on November 30, 2001.
On June 20, 2002, while Henderson’s appeal of the district court’s denial of habeas relief was pending in this court, the Supreme Court of the United States issued its opinion in Atkins, barring execution of mentally retarded prisoners.
On June 9, 2003, this court affirmed the district court’s denial of habeas relief and denied Henderson’s request to expand the COA. Henderson v. Cockrell, 333 F.3d 592 (5th Cir.2003). Henderson filed a petition for rehearing en banc on June 30, which this court denied on July 15, 2003. The Supreme Court denied Henderson’s petition for a writ of certiorari on January 26, 2004. Henderson v. Dretke, 540 U.S. 1163, 124 S.Ct. 1170, 157 L.Ed.2d 1208 (2004).
On January 16, 2004, ten days before the Supreme Court denied certiorari, Henderson was evaluated by a psychologist, Dr. Susana Rosin. Dr. Rosin completed her report on March 19, 2004. Five days later, on March 24 (fifty-seven days after the Supreme Court denied certiorari), Henderson filed a third state habeas application in which he presented his Atkins claim. On April 24, 2004, the Texas Court of Criminal Appeals remanded the case to the trial court, finding that Henderson had presented facts which, if true, might entitle him to relief. Ex parte Henderson, No. 37,658-03 (Tex.Crim.App.2004) (unpublished).
On remand, the trial court conducted a hearing and entered findings of fact and conclusions of law, recommending that Henderson’s Atkins claim be denied. On January 25, 2006, the Texas Court of Criminal Appeals denied relief, holding that Henderson had failed to show by a preponderance of the evidence that he is mentally retarded. Ex parte Henderson, No. WR-37,658-03 (Tex.Crim.App. Jan. 25, 2006) (unpublished).
About forty days later, on March 6, 2006, Henderson filed with this court a motion for authorization to file a successive habeas petition, attaching a copy of the proposed petition. On August 23, 2006, this court granted Henderson’s motion to file a successive habeas petition. In re Henderson, 462 F.3d 413. In our order granting the motion, we noted that neither party had presented us with a complete transcript of the testimony presented at the state habeas evidentiary hearing. Id. at 416 n. 3. We concluded, based on the limited materials available to us, that Henderson had made a prima facie showing of mental retardation. Id. at 417. We noted that, unless equitable tolling applies, Henderson’s successive habeas petition is time-barred. Id. We left “it for the district court to decide whether Henderson’s case presents the ‘rare and exceptional circumstances’ that would entitle him to the benefit of equitable tolling.” Id.
Henderson filed his successive federal habeas petition in the district court the following day, August 24, 2006.
On March 31, 2008, the district court denied relief, holding that Henderson’s petition is barred by the statute of limitations. Henderson v. Quarterman, No. 1:06-CV-507, 2008 WL 906259 (E.D.Tex.2008). The district court assumed that the Texas “two-forum rule”[1] *777 presented a rare and exceptional circumstance for the purposes of equitable tolling. The court concluded, however, that Henderson did not pursue his claim diligently and was not entitled to equitable tolling because (1) fifty-seven days passed between the denial of certiorari (which ended the two-forum rule impediment to filing) and the filing of his state Atkins petition, (2) Henderson did not file anything in federal court while his state petition was pending, even after the two-forum rule was modified; and (3) forty days passed between the Court of Criminal Appeals denying the state Atkins writ and Henderson’s filing of the motion for authorization to file a successive federal habeas petition.
The district court granted a COA for two issues:
(1) whether Henderson’s Atkins claim is time-barred because he is not entitled to equitable tolling; and
(2) whether the court should reach the merits of Henderson’s Atkins claim because he is “innocent” of the death penalty.
We heard oral argument on these issues in November 2009. At that time, the parties noted that the Supreme Court had granted certiorari in Holland v. Florida, 539 F.3d 1334 (11th Cir.2008), cert. granted, — U.S. -, 130 S.Ct. 398, 175 L.Ed.2d 267 (2009). We held this case in abeyance, pending the Supreme Court’s decision in Holland, which was handed down on June 14. — U.S.-, 130 S.Ct. 2549, 177 L.Ed.2d 130 (2010). At our direction, the parties filed supplemental letter briefs addressing the application of Holland to the facts of Henderson’s case.
We now turn to address Henderson’s argument that he is entitled to equitable tolling.
II.
A.
The Antiterrorism and Effective Death Penalty Act (AEDPA) provides a one-year limitations period for filing habeas applications. 28 U.S.C. § 2244(d)(1). In cases such as Henderson’s, the one-year period commences on “the date on which the constitutional right asserted was ... newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.” 28 U.S.C. § 2244(d)(1)(C). The constitutional right asserted by Henderson was recognized by the Supreme Court in Atkins, which was decided on June 20, 2002. The limitations period commenced on that date and expired on June 20, 2003. Henderson did not file his Atkins petition until August 24, 2006. Accordingly, unless equitable tolling applies, it plainly is time-barred.
At the time the district court ruled on Henderson’s equitable tolling claim, the Supreme Court had not decided whether the AEDPA limitations period may be equitably tolled. In Lawrence v. Florida, 549 U.S. 327, 336, 127 S.Ct. 1079, 166 L.Ed.2d 924 (2007), the Court assumed without deciding that equitable tolling is available. The Court stated that, to be entitled to equitable tolling, the petitioner “must show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.” Id. (internal quotation marks and citation omitted); see also Pace v. DiGuglielmo, 544 *778 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005) (same). In Lawrence, a death penalty case, the petitioner argued that his attorney’s mistake in calculating the limitations period entitled him to equitable tolling. 549 U.S. at 336, 127 S.Ct. 1079. The Supreme Court rejected that contention, noting that, “[i]f credited, this argument would essentially equitably toll limitations periods for every person whose attorney missed a deadline.” Id. The Court stated that “[ajttorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the post-conviction context where prisoners have no constitutional right to counsel.” Id. at 336-37, 127 S.Ct. 1079.
In Holland, the Supreme Court held specifically for the first time that AED-PA’s statute of limitations “is subject to equitable tolling in appropriate cases.” 130 S.Ct. at 2560. In doing so, the Court reiterated the requirements for equitable tolling that it had stated in Lavrrence and Pace: “[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.” Id. at 2562 (internal quotation marks and citations omitted).
The Court stated that “[t]he diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence.” Id. at 2565 (internal quotation marks and citations omitted). The Court held that the district court’s conclusion, which rested on a finding of a lack of diligence, was incorrect, because:
Holland not only wrote his attorney numerous letters seeking crucial information and providing direction; he also repeatedly contacted the state courts, their clerks, and the Florida State Bar Association in an effort to have [his attorney] — the central impediment to the pursuit of his legal remedy — removed from his case. And, the very day that Holland discovered that his AEDPA clock had expired due to [his attorney’s] failings, Holland prepared his own habeas petition pro se and promptly filed it with the District Court.

Id.

With respect to the extraordinary circumstances prong, the Court rejected as “too rigid” the standard applied by the Eleventh Circuit, which had held that “even attorney conduct that is ‘grossly negligent’ can never warrant tolling absent ‘bad faith, dishonesty, divided loyalty, mental impairment or so forth on the lawyer’s part.’” Id. at 2563 (quoting Holland, 539 F.3d at 1339). The Supreme Court explained that the Eleventh Circuit’s rule failed “to recognize that, at least sometimes, professional misconduct that fails to meet the Eleventh Circuit’s standard could nonetheless amount to egregious behavior and create an extraordinary circumstance that warrants equitable tolling.” Id. The Court reiterated that “a garden variety claim of excusable neglect” would not be sufficient to warrant equitable tolling. Id. at 2564 (internal quotation marks and citation omitted).
The Court emphasized that its precedent requires that a court of equity exercise its powers on a case-by-case basis:
[Cjourts of equity can and do draw upon decisions made in other similar cases for guidance. Such courts exercise judgment in light of prior precedent, but with awareness of the fact that specific circumstances, often hard to predict in advance, could warrant special treatment in an appropriate case.
Id. at 2563.
Because the district court in Holland incorrectly found a lack of diligence and the Eleventh Circuit “erroneously relied *779 on a overly rigid per se approach” in considering whether there were extraordinary circumstances, the Supreme Court observed that “no lower court has yet considered in detail the facts of this case to determine whether they indeed constitute extraordinary circumstances sufficient to warrant equitable relief.” Id. at 2565. The Court also “recognize[d] the prudence, when faced with an equitable, often fact-intensive inquiry, of allowing the lower courts to undertake it in the first instance.” Id. (internal quotation marks and citation omitted). Accordingly, the Court left “it to the Court of Appeals to determine whether the facts in this record entitle Holland to equitable tolling, or whether further proceedings, including an evidentiary hearing, might indicate that [the State] should prevail.” Id.
With respect to the case now before us, the district court assumed that the Texas two-forum rule constituted an extraordinary circumstance, but concluded that Henderson is not entitled to equitable tolling because he did not pursue his Atkins claim diligently. The district court based this ruling on the facts that (1) fifty-seven days passed between the denial of certiorari (which ended the two-forum rule impediment to filing) and the filing of his state Atkins petition; (2) Henderson did not file any Atkins related document or pleading in federal court while his state petition was pending, even though he certainly could have after the Texas Court of Criminal Appeals abandoned the two-forum rule; and (3) forty days passed between the Court of Criminal Appeals denying the state Atkins writ and Henderson’s filing of his motion for authorization to file a successive federal habeas petition.
In his supplemental letter brief, Henderson challenges this holding of the district court by arguing that it erroneously applied a “maximum feasible diligence” standard rather than the “reasonable diligence” standard that the Supreme Court announced in Holland. The State counters in its supplemental letter brief that Holland does nothing more than reaffirm this court’s prior equitable tolling jurisprudence.
Henderson also argues for a de novo standard of review. However, review of a district court’s decision not to apply equitable tolling is controlled by our precedent, which requires that we review the district court’s decision for abuse of discretion. Flores v. Quarterman, 467 F.3d 484, 485 (5th Cir.2006); Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir.1999). Because the decision to apply equitable tolling is discretionary, and because the district court has not had an opportunity to exercise its discretion in the light of Holland, we conclude that it is appropriate here to vacate the district court’s judgment and remand this case to the district court to allow it to consider, in the first instance, whether the facts of this case warrant equitable tolling under the Holland standards. See Jones v. Thaler, 383 Fed.Appx. 380 (5th Cir.2010) (unpublished) (vacating and remanding “[i]n order to permit the district court first consideration of Jones’s petition in light of the Court’s holding in Holland”).
B.
We now turn to consider the second issue presented in this appeal: whether the merits of Henderson’s mental retardation claim must be considered because he is actually innocent of the death penalty.
The district court granted a COA for Henderson’s alternative claim that, irrespective of any procedural bar, the court should reach the merits of his Atkins claim because he is actually innocent of the death penalty. Thus, Henderson argues that, irrespective of equitable tolling, the *780 court must address the merits of his mental retardation claim because failing to do so would constitute a fundamental miscarriage of justice. In support of this claim, Henderson relies on Sawyer v. Whitley, 505 U.S. 333, 346-47, 112 S.Ct. 2514, 120 L.Ed.2d 269 (1992), to argue that such a miscarriage of justice would occur in a case in which the petitioner is actually innocent of the death penalty because he is mentally retarded and thus, under the Eighth Amendment of the Constitution, ineligible for capital punishment. He acknowledges that the Fifth Circuit has not so held, but cites for support Souter v. Jones, 395 F.3d 577 (6th Cir.2005). In Souter, the Sixth Circuit held that “where an otherwise time-barred habeas petitioner can demonstrate that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying constitutional claims.” Id. at 602. Henderson contends that, under this exception, the district court should have reached the merits of his Atkins claim and granted relief.
The State contends that Henderson’s reliance on Souter is misplaced, because the actual innocence exception addressed in that case is factual innocence of the charged crime itself, and not legal innocence of the death penalty. Even if the court were to establish such an exception to the AEDPA statute of limitations, the State argues, Henderson cannot show by clear and convincing evidence that no reasonable juror could find that he is not mentally retarded. The State contends further that, in this circuit, a claim of actual innocence does not constitute a rare and exceptional circumstance permitting equitable tolling. See Felder v. Johnson, 204 F.3d 168, 171 (5th Cir.2000) (holding that a claim of actual innocence “does not constitute a ‘rare and exceptional’ circumstance [permitting equitable tolling], given that many prisoners maintain they are innocent.”); Cousin v. Lensing, 310 F.3d 843, 849 (5th Cir.2002) (same). Henderson replies that Felder recognized that a showing, as opposed to a mere claim, of actual innocence would be sufficient to justify equitable tolling. See Felder, 204 F.3d at 171 n. 8 (“Felder has not made a showing of actual innocence, as the district court noted.”).
In Flanders v. Graves, 299 F.3d 974, 977 (8th Cir.2002), the Eighth Circuit rejected, “as a broad concept,” the contention that actual innocence could be used to excuse a habeas petitioner’s failure to file his petition within the limitations period. The court explained:
It is our duty to apply statutes as written. The statute fixes a one-year period of limitations, and says nothing about actual innocence, even though other parts of AEDPA, enacted at the same time, do refer to this doctrine. It is not our place to engraft an additional judge-made exception onto congressional language that is clear on its face.
Id. (citations omitted). The court said that “[f]or such a claim to be viable, ... a petitioner would have to show some action or inaction on the part of the respondent that prevented him from discovering the relevant facts in a timely fashion, or, at the very least, that a reasonably diligent petitioner could not have discovered these facts in time to file a petition within the period of limitations.” Id. at 978. The Ninth Circuit recently decided, likewise, that there is not “an actual innocence exception that serves as a gateway through the AEDPA statute of limitations to the merits of a petitioner’s claims.” Lee v. Lampert, 610 F.3d 1125, 1133, 1136 (9th Cir.2010).
*781 Henderson has not cited any authority holding that there is an “actual innocence of the death penalty” exception to the AEDPA statute of limitations. We decline to create such an exception.
C.
The district court did not reach the merits of Henderson’s mental retardation claim and did not grant a COA for it. The State asserts that this court may nevertheless affirm on any basis supported by the record and argues that, even assuming that Henderson is entitled to equitable tolling, Henderson’s claim fails on the merits, because he has failed to show by clear and convincing evidence that he is mentally retarded. In the light of our decision to remand to the district court for a determination of whether Henderson is entitled to equitable tolling under the standards announced in Holland, and also in the light of the fact that the district court has not addressed the merits of Henderson’s mental retardation claim, we think it is premature for us to consider that claim at this stage of the proceedings. Because there is no special exception from the AEDPA statute of limitations based on actual innocence of the death penalty, it is only if the district court finds that, in the light of Holland, these facts justify the tolling of the AEDPA limitations period, that the district court would need to address the merits of Henderson’s Atkins claim.
III.
For the foregoing reasons, the judgment of the district court is AFFIRMED with respect to its holding that there is no actual innocence exception to the AEDPA statute of limitations. The district court’s holding that Henderson is not entitled to equitable tolling is VACATED, and the case is remanded to the district court for further consideration of that holding in the light of Holland v. Florida. If the district court finds that Henderson is entitled to equitable tolling, it will need to address the merits of his Atkins claim.[2]
*782 AFFIRMED in part; VACATED in part; and REMANDED.

. Between 1972 and February 2004, Texas courts applied the "two-forum rule” to dismiss state habeas applications filed while federal habeas applications challenging the same conviction were pending. See Ex parte Powers, 487 S.W.2d 101 (Tex.Crim.App.1972). The two-forum rule was modified on February 11, 2004, in Ex parte Soffar, 143 S.W.3d 804, 806-07 (Tex.Crim.App.2004). Under the modified rule, the Texas Court of Criminal *777 Appeals will "permit consideration of the merits of a subsequent writ ... if the federal court having jurisdiction over a parallel writ enters an order staying all of its proceedings for the applicant to return to the appropriate Texas court to exhaust his state remedies.” Id. at 807.

. Unlike the dissent, the majority opinion addresses the arguments that Henderson has made and the issue for which the district court granted a COA. Henderson has never argued that the AEDPA statute of limitations does not apply to Atkins claims. In his brief, he acknowledges the applicability of the statute of limitations:
Mr. Henderson’s petition is based on Atkins v. Virginia, 536 U.S. 304, 122 S.Ct. 2242, 153 L.Ed.2d 335 (2002), which was decided on June 20, 2002. Thus, the limitations period commenced on June 20, 2002 and expired June 20, 2003.
Brief of Appellant, August 22, 2008, at p. 13.
In his request for a COA from the district court, Henderson stated:
The district court failed to reach the alternative basis for overcoming the statute of limitations bar, that is, it would be a fundamental miscarriage of justice not to reach the merits because Mr. Henderson is ineligible for the death penalty because he is mentally retarded. See Sawyer v. Whitley, 505 U.S. 333, 112 S.Ct. 2514, 120 L.Ed.2d 269 (1992). Jurists of reason would find it debatable whether the district court was correct in its procedural ruling in light of the fact that Mr. Henderson has established that he is innocent of the death penalty.
(Emphasis added.)
In its order granting the COA requested by Henderson, the district court stated:
Henderson contends that the Court failed to consider whether it would be a fundamental miscarriage of justice not to reach the merits of his claim because his status as a mentally retarded individual makes him ineligible for the death penalty under Atkins. Put another way, Henderson asserts that because he is mentally retarded he is innocent of the death penalty ....
Acknowledging that the Fifth Circuit has not so held, Henderson argues that there is an actual innocence exception to the AED-PA’s one-year statute of limitations, citing Souter v. Jones, 395 F.3d 577, 599 (6th Cir.2005) ....
While Souter deals with actual innocence of the crime, the Court is convinced that the *782 issue of an actual innocence exception to the AEDPA's statute of limitations is debatable among jurists of reason or, at the very least, adequate to deserve encouragement to proceed further ....
Henderson v. Quarterman, Order on Certificate of Appealability, p. 2 (E.D.Tex. May 28, 2008) (emphasis added).
Henderson devotes only one paragraph of his brief to his argument that his claim falls within an exception to the statute of limitations. It states, in full:
II. THE DISTRICT COURT ERRED BY FAILING TO REACH THE MERITS OF MR. HENDERSON’S ATKINS CLAIM BECAUSE HE IS “INNOCENT” OF THE DEATH PENALTY.
The Supreme Court has recognized that a court must address the merits of a defaulted or otherwise barred claim if failing to do so would constitute a fundamental miscarriage of justice. One such circumstance is present where the petitioner is “actually innocent” of the death penalty, that is, he is ineligible for capital punishment. Sawyer v. Whitley, 505 U.S. 333, 346-47, 112 S.Ct. 2514, 120 L.Ed.2d 269 (1992). A mentally retarded prisoner is ineligible for the death penalty under the Supreme Court’s Atkins decision. Thus, a mentally retarded prisoner is actually innocent of the death penalty. Although the Fifth Circuit has not so held, there is an actual innocence exception to AEDPA's one-year statute of limitations. See Souter v. Jones, 395 F.3d 577, 599 (6th Cir.2005) (noting that the Constitution requires an actual innocence exception to AEDPA's statu[t]e of limitations). Under this exception, the district court should have reached the merits of Mr. Henderson’s Atkins claim and granted him relief.
Appellant’s Brief, August 22, 2008, at p. 26. The dissent does not address this argument, but instead creates an unasserted, unargued, unbriefed, and unraised argument for Henderson.
Furthermore, this court has always — and often with the dissenting judge joining — treated Atkins claims as being subject to the AED-PA statute of limitations. See, e.g., In re Johnson, 325 Fed.Appx. 337 (5th Cir.2009) (holding that Atkins claim was time-barred); In re Lewis, 484 F.3d 793 (5th Cir.2007) (same). Opinions applying the AEDPA statute of limitations to Atkins claims, which the dissenting judge has joined, include Rivera v. Quarterman, 505 F.3d 349 (5th Cir.2007) (remanding for determination of whether equitable tolling applied to Atkins claim and acknowledging that "the statute of limitations remains potentially dispositive”); and In re Wilson, 442 F.3d 872, 875 (5th Cir.2006) (stating that Wilson’s habeas application asserting an Atkins claim “is clearly barred by AEDPA’s statute of limitations and must be denied, unless he has demonstrated that he is entitled to equitable tolling of the limitations period”). To be sure, in this very case, the dissenting judge joined our opinion granting Henderson leave to file a successive habeas petition, in which we noted “that, unless the doctrine of equitable tolling applies, Henderson's successive petition is time-barred.” In re Henderson, 462 F.3d 413, 417 (5th Cir.2006). The dissent fails to explain how its new found friend is compatible company with the precedents that it has so recently embraced.