[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-11822
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 1, 2011
JOHN LEY
CLERK

D. C. Docket No. 07-80758-CV-DTKH

ERNEST CADET,

Petitioner-Appellant,

versus

STATE OF FLORIDA DEPARTMENT OF
CORRECTIONS,
Edwin G. Buss, Secretary,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(November 1, 2011)

Before TJOFLAT, EDMONDSON and KRAVITCH, Circuit Judges.

PER CURIAM:

Petitioner, Ernest Cadet, is serving a life sentence in a Florida prison, having been convicted, in May of 2000, of sexual battery of a child less than twelve years of age and simply battery. On August 23, 2007, represented by counsel, Petitioner petitioned the United States District Court for the Southern District of Florida for a writ of habeas corpus pursuant to 22 U.S.C. § 2254. On January 30, 2009, the district court denied the petition as time-barred by the statute of limitations of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L.No. 104-132, 110 Stat. 1214 (1996). Petitioner filed a notice of appeal, and the district court issued certificate of appealability, thus allowing an appeal to go forward. The certificate cites this issue:

> the court finds a fairly debatable issue as to whether petitioner is in procedural default on his claims, and specifically finds a debatable issue on the question of whether he has demonstrated serious attorney misconduct as to merit equitable tolling of some portion of the limitations period for filing his federal habeas petition.

The district court's interpretation and application of the statute of limitations applicable here is a question of law that we review *de novo*. *Hepburn v. Moore*, 215 F.3d 1208, 1209 (11th Cir. 2000). We likewise review *de novo* the district court's decision regarding the application of equitable tolling. *San Martin v. McNeil*, 633 F.3d 1257, 1265 (11th Cir. 2011), *petition for cert. filed*, (U.S. May 20, 2011) (No. 10-10678).

The AEDPA imposes a one-year statute of limitations for the filing of § 2254 petitions. 28 U.S.C. § 2244(d)(1). Once the statute of limitations is triggered, it can be tolled in two ways. *See, e.g.*, *Spottsville v. Terry*, 476 F.3d 1241, 1243, 1245-46 (11th Cir. 2007). It can be tolled while state post-conviction actions are pending, pursuant to 28 U.S.C. § 2244(d)(2). And it can be tolled under the doctrine of equitable tolling; that is what Petitioner seeks here. Tolling can occur based on extraordinary circumstances that are both beyond the petitioner's control and unavoidable even with diligence. *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999).

To establish equitable tolling, the petitioner must show: (i) that he has been pursuing his rights diligently, and (ii) that some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 560 U. S. ___, ___, 130 S.Ct. 2549, 2562, 177 L.Ed.2d 130 (2010), *rev'g* 539 F.3d 1334 (11th Cir. 2008); *San Martin*, 633 F.3d at 1268. Equitable tolling is an extraordinary remedy that is limited to rare and exceptional circumstances and typically applied sparingly. *Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009). A mistake by counsel in calculating a limitations period is, standing alone, insufficient to justify equitable tolling. *Lawrence v. Florida*, 549 U.S. 327, 336-37, 127 S.Ct. 1079, 1085, 166 L.Ed.2d 924 (2007).

In *Holland*, we held that attorney misconduct, even if it is negligent or grossly negligent, cannot constitute the type of egregious attorney misconduct that would warrant equitable tolling unless the petitioner offers proof of bad faith, dishonesty, divided loyalty, mental impairment or similar circumstances. 539 F.3d at 1339. In *Melson*, relying on our decision in *Holland*, we held that equitable tolling was not warranted where the petitioner's attorneys missed deadlines and failed to communicate with the petitioner about the status of the case. *Melson v. Allen*, 548 F.3d 993, 1001 (11th Cir. 2008), *vacated*, 130 S.Ct. 3491 (2010).

The Supreme Court subsequently reversed our decision in *Holland*, holding that the test we employed was too rigid, and that cases involving anything other than a "garden variety" claim of excusable neglect must be evaluated on a case-by-case basis. *Holland*, 560 U.S. at ___, 130 S.Ct. at 2563-64. One week later, the Supreme Court vacated our opinion in *Melson* and remanded for further consideration in light of its opinion in *Holland*. *Melson*, 561 U.S. at ___, 130 S.Ct. at 3491-92. We subsequently remanded both cases to the respective district courts for further proceedings consistent with the Supreme Court's instructions. *Holland v. State*, 613 F.3d 1053 (11th Cir. 2010); *Melson v. Allen*, 611 F.3d 1380 (11th Cir. 2010).

Upon careful review of the record and the parties' briefs, we conclude that the district court's determination—that the misconduct by Petitioner's attorney did not rise to the level of extraordinary circumstances—was not based on the correct standard as set forth in *Holland*. *See* 560 U.S. at ___, 130 S.Ct. at 2563-64. Accordingly, we vacate the district court's judgment and remand the case for consideration of whether the circumstances present in this case rise to the level of extraordinary circumstances under the appropriate standard.

VACATED AND REMANDED.