WILSON, Circuit Judge,
concurring:
Although I concur in the result, I write separately to explain my understanding that Supreme Court precedent does not require abandonment for a habeas petitioner to successfully assert equitable tolling of a federal time bar.
Holland v. Florida rejected this court’s “too rigid” rule limiting the circumstances that could be considered sufficiently extraordinary to warrant equitable tolling. 560 U.S. 631, 649-53, 130 S.Ct. 2549, 2563-64, 177 L.Ed.2d 130 (2010). It is clear from that opinion that actual abandonment *486 is not required. See id. at 648-51, 130 S.Ct. at 2562-63 (rejecting our previously articulated rule that “conduct that is ‘grossly negligent’ can never warrant tolling absent ‘bad faith, dishonesty, divided loyalty, mental impairment or so forth on the lawyer’s part’” (quoting Holland v. Florida, 539 F.3d 1334, 1339 (11th Cir.2008) (per curiam), rev’d, 560 U.S. at 653-54, 130 S.Ct. at 2565)). At the same time, the Court’s opinion does not set forth a clearly discernible standard which we may use to determine whether a petitioner has demonstrated “that some extraordinary circumstance stood in his way.” See id. at 648-51, 130 S.Ct. at 2562-63 (internal quotation marks omitted). But rejecting a per se rule is exactly what the Court intended. In fact, the Court noted that one of the aims of equity — and thus, equitable tolling — is “to relieve hardships which, from time to time, arise from a hard and fast adherence to more absolute legal rules, which, if strictly applied, threaten the evils of archaic rigidity.” Id. at 649-51, 130 S.Ct. at 2563 (emphasis added) (internal quotation marks omitted); see also Hutchinson v. Florida, 677 F.3d 1097, 1098 (11th Cir.), cert. denied, — U.S. -, 133 S.Ct. 435, 184 L.Ed.2d 266 (2012) (Carnes, J.) (“Equitable tolling is, well, equitable in nature.... ”). Therefore, rather than relying on a mechanical approach to equitable tolling, we must follow the command of the Supreme Court and “exercise judgment in light of prior precedent, but with awareness of the fact that specific circumstances, often hard to predict in advance, could warrant special treatment in an appropriate case.” Holland, 560 U.S. at 650, 130 S.Ct. at 2563.
Despite the majority’s assessment to the contrary, Maples v. Thomas, — U.S. -, 132 S.Ct. 912, did not “recast” Holland’s holding. Maples argued that his attorneys had abandoned him, thereby severing the attorney-client relationship and negating any imputation of his attorneys’ conduct to him. See generally Brief for Petitioner at 35-52, Maples, — U.S. -, 132 S.Ct. 912 (No. 10-63). He did not argue, and the Court did not consider, whether misconduct, falling short of abandonment would be sufficient to excuse his default. Moreover, the Court rendered such a discussion superfluous because it held that Maples’s “counsel of record abandoned him.” Id. at -, 132 S.Ct. at 927. Therefore, the standard for equitable tolling set forth in Holland — that conduct by counsel must be considered on a case-by-case basis under principles of equity— was not disturbed.
Even if Maples could be read to foreclose any inquiry into counsel misconduct whenever it falls short of abandonment, that case involved procedural default for failure to meet a state filing deadline. — U.S. at -, 132 S.Ct. at 917. Here, and in Holland, the petitioners failed to meet a federal filing deadline. 560 U.S. at 633-37, 130 S.Ct. at 2554-55. The Court made clear in Holland that, even if abandonment is necessary to excuse a state procedural default, misconduct falling short of abandonment can warrant equitable tolling where a petitioner misses a federal deadline. Id. at 650, 130 S.Ct. at 2563 (“We recognize that, in the context of procedural default, we have previously stated, without qualification, that a petitioner must bear the risk of attorney error. But Coleman[1] was a case about federalism in that it asked whether federal courts may excuse a petitioner’s failure to comply with a state court’s procedural rules, notwithstanding the state court’s determination that its own rules had been violated. Equitable tolling, by contrast, asks whether federal *487 courts may excuse a petitioner’s failure to comply with federal timing rules, an inquiry that does not implicate a state court’s interpretation of state law.” (citations and internal quotation marks omitted)). The Court thus expressly distinguished equitable tolling from state procedural default.[2] It then went on to reject any rigid rule regarding when “extraordinary circumstances” sufficient to warrant equitable tolling exist, opting instead for an equitable approach based on the circumstances of each case. See id. at 649-53, 130 S.Ct. at 2563-64.
Nothing in Maples suggests that the Court abandoned this distinction. The majority misconstrues the Court’s statement in a footnote that it saw “no reason, however, why the distinction between attorney negligence and attorney abandonment should not hold in both contexts.” Maples, — U.S. at -, 132 S.Ct. at 923 n. 7. The most reasonable interpretation of that statement is that the attorney negligence to which it refers is simple negligence that would not entitle a petitioner to relief in either the equitable tolling or the procedural default context. The footnote does not, however, address more egregious examples of attorney misconduct that do not constitute abandonment yet may warrant equitable tolling under Holland. The reason for this is straightforward: the Court was presented only with an attorney abandonment claim, and it wanted to clarify its holding ■ that abandonment constitutes extraordinary circumstances in both the procedural default and equitable tolling contexts (and conversely that simple attorney negligence would not suffice in either event). The statement, then, does not rule out the possibility that attorney misconduct which does not rise to the level of abandonment might constitute extraordinary circumstances sufficient to warrant equitable tolling.
Therefore, reading Maples, Holland, and Coleman together makes clear that, at least in the equitable tolling context, nothing forecloses' the equitable, case-by-case inquiry that permits us to find extraordinary circumstances in the absence of attorney abandonment. Consequently, we are still bound by Holland’s command that we reject any “mechanical rules” and “meet new situations that demand equitable intervention, and ... accord all the relief necessary to correct particular injustices.” 560 U.S. at 650, 130 S.Ct. at 2563 (internal quotation marks omitted).

. Coleman v. Thompson, 501 U.S. 722, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991).

. The Court also made clear in Coleman that the reasons for the high degree of deference to a state court’s dismissal of a state proceeding due to procedural default are "comity and federalism.” 501 U.S. at 730, 111 S.Ct. at 2554. Specifically, "the States should have the first opportunity to address and correct alleged violations of state prisoner's [sic] federal rights,” and ignoring a state procedural default would "deprive[] the state courts of an opportunity to address those claims in the first instance.” Id. at 731-32, 111 S.Ct. at 2555. These concerns are not present when a federal deadline is missed.