# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-11017

United States Court of Appeals
Fifth Circuit

**FILED**

December 10, 2019

Lyle W. Cayce
Clerk

In re:  ROBERT SPARKS,

      Movant

Appeal from the United States District Court
for the Northern District of Texas

Before HIGGINBOTHAM, JONES, and COSTA, Circuit Judges.

EDITH H. JONES, Special Concurrence:

This concurrence follows a brief order of this court entered September 24, 2019, which denied authorization to file a successive habeas petition.  A copy of that order is attached hereto.

My colleagues apparently see no problem in counsel's plain evasion of our rules governing last-minute capital habeas filings, *see* Fifth Circuit Local Rule 8.10, but this practice is again becoming common.  Consequently, I think it high time not only to issue a warning to Jonathan Landers that no further manipulation of habeas proceedings will be tolerated by this court, but to place all capital habeas counsel on notice that disorderly presentation of cases is an affront to the judicial process.

Sparks was scheduled to be executed by the State of Texas, and was executed, on September 25, 2019.  On September 16, 2019, nine days before the execution, Sparks's counsel, Mr. Landers, filed in this court a motion for authorization to file a successive habeas petition pursuant to 28 U.S.C. § 2244(b)(2) based solely on the contention that Sparks suffered from mental

No. 19-11017

disability and was therefore ineligible for execution. *See Atkins v. Virginia*, 536 U.S. 304, 321, 122 S. Ct. 2242, 2252 (2002).

In response to a request sent by this court on September 16, 2019, Mr. Landers explained in detail the timeline whereby Sparks's alleged mental disability claim had been raised in state and federal courts. The timeline is reproduced below. Mr. Landers conceded that he filed the motion for authorization (and related motion to stay) on September 16, 2019, to avoid potential consequences from a filing made less than seven business days before the scheduled execution. Mr. Landers was well aware of this court's Local Rule 8.10, which states in relevant part:

> ***Time Requirements for Challenges to Death Sentences and/or Execution Procedures***. Inmates sentenced to death . . . who seek permission to file a successive petition . . . must exercise reasonable diligence in moving . . . for permission to file a second or successive habeas petition . . . and a stay of execution with the clerk of this court at least seven days before the scheduled execution.

5th Cir. Local Rule 8.10.

As Mr. Landers also well knew, his motion for authorization was at least premature, because at the date of filing, he had not exhausted his client's *Atkins* claim in the state court proceedings. In other words, on September 16, 2019, and for several days afterward, this court had no authority to grant relief of any sort. AEDPA authorizes federal court jurisdiction only over habeas claims in which state courts have had the first opportunity to rule on the merits. 28 U.S.C. § 2254. And, as this timeline demonstrates, Sparks had ample opportunity, for at least two years preceding the setting of an execution date, to raise his mental disability claim in state and then federal courts:

2

No. 19-11017

- **2008**: Sparks is convicted and sentenced to death

- **2010–2011**: Sparks's conviction and sentence are affirmed on direct appeal by the Texas Court of Criminal Appeals, and the United States Supreme Court denies certiorari

- **2011–2012**: The Texas Court of Criminal Appeals denies relief on Sparks's first state habeas petition, and the Supreme Court denies certiorari

- **December 2012**: Sparks files his first federal habeas petition

- **May 2013**: The DSM-5 is published

- **January 2014**: The federal district court stays Sparks's first federal habeas proceedings, pending Sparks's exhaustion of his non-*Adkins* claims in state court

- **February 2014**: Sparks files a second state habeas petition (not raising an *Adkins* claim)

- **May 2014**: The Texas Court of Criminal Appeals dismisses Sparks's second habeas petition as an abuse of the writ

- **March 2017**: The Supreme Court releases *Moore v. Texas*

- **March 2018**: The federal district court denies Sparks's first federal habeas petition

- **December 2018**: This court denies Sparks's motion for a certificate of appealability

- **June 2019**: Sparks's execution date is set for September 25, 2019

- **September 10, 2019**: Sparks files a third state habeas petition, asserting his *Atkins* claim for the first time in state court

No. 19-11017

- **September 16, 2019**: Sparks moves this court for authorization to file a successive habeas petition, asserting his *Atkins* claim for the first time in federal court

Thus, in the worst-case scenario, Mr. Landers was doing his client a grave disservice, if he thought the claim of mental disability had merit, by pursuing it within less than one month before the scheduled execution. There was every possibility, given the applicable state and federal procedures, that any execution delay would take some time for proper consideration. And several years had passed since the issuance of the expert guidelines (the DSM-5) that formed the basis of his claim and the Supreme Court's *Moore* decision, which required Texas to align its diagnostic requirements with those of the experts. It is hard to envision competent counsel's having sat on a potentially meritorious exclusion from capital punishment until the eve of execution.

In the end, the most likely inference, based on his own admissions, is that Mr. Landers chose to file a facially inadequate pleading in this court for the purpose of evading our Local Rule 8.10 and pushing this court into a last-minute evaluation of Sparks's never-before-raised claim. *See Rhines v. Weber*, 244 U.S. 299, 277–78, 125 S. Ct.1528, 1535 (2005) ("In particular, capital petitioners might deliberately engage in dilatory tactics to prolong their incarceration and avoid execution of the sentence of death. Without time limits, petitioners could frustrate AEDPA's goal of finality by dragging out indefinitely their federal habeas review."). The court was pushed, because the Texas Court of Criminal Appeals was unable to rule on the claim until Monday, September 23, 2019, ultimately dismissing it as an abuse of the writ. This court was left with less than forty-eight hours to issue our ruling.

4

No. 19-11017

Our Local Rule was promulgated before AEDPA was enacted in an attempt to regularize capital habeas proceedings and prevent the filing of last-minute, frivolous petitions, meant only to obtain further stays of duly prescribed and reviewed punishment.  Mr. Landers's patent evasion of this rule is inexcusable.  Credit is due for his imaginativeness in manufacturing a premature filing, a device that has not been used before in this court.  I hope this is the last time counsel may undertake such actions without facing adverse consequences.

No. 19-11017

ATTACHMENT

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————

No. 19-11017

United States Court of Appeals
Fifth Circuit

**FILED**
September 24, 2019

Lyle W. Cayce

Clerk

In re: ROBERT SPARKS,

Movant

————

Appeal from the United States District Court
for the Northern District of Texas

————

O R D E R:

Before HIGGINBOTHAM, JONES, and COSTA, Circuit Judges.

Nine days before his scheduled execution date on September 25, 2019, Sparks filed a motion in this court to authorize filing a successive federal habeas petition pursuant to 28 U.S.C. § 2244(b).[1]  Since 2008, Sparks has

---

[1] The timing of this last-minute filing is no accident, because this court's Local Rule 8.10, tailored to prevent last-minute capital habeas filings, requires petitioners to present their claims no later than eight days before a scheduled execution.  Petitioner's counsel

been through state and federal proceedings concerning his capital crime and death sentence for the brutal murders of two boys. He never raised an *Atkins* claim alleging intellectual disability until late this summer.

No extended recap of the horrendous crime or criminal proceedings is necessary. Sparks murdered his two stepsons and their mother, and raped his two stepdaughters in the same vicious transaction. He was convicted and sentenced to death in 2008, and his conviction was affirmed on direct appeal to the Texas Court of Criminal Appeals in 2010. The Supreme Court denied cert. in 2011. Sparks pursued a state habeas proceeding, was denied relief in the state trial court and on appeal, and cert. was again denied in 2012. During the pendency of the state habeas, Sparks filed his first federal habeas proceeding, which the court abated pending exhaustion in another round of state habeas. Following this excursion, the federal court considered and rejected Sparks's amended habeas petition. This court affirmed the district court's order denying relief in late 2018 and denied rehearing in January 2019. A petition for cert. following this court's decision remains pending in the Supreme Court.

The state requested and obtained the September 25 execution setting in June. In late July, Sparks, through his counsel Jonathan Landers and Seth Kretzer, filed an application for funding for a neuropsychologist and a stay of execution, which the district court denied. He also commenced a subsequent state court habeas proceeding premised on the theory that he is intellectually disabled and therefore ineligible for the death penalty. The Texas Court of

---

freely admits his timing of this premature, and untimely, petition was designed to evade the deadline.

No. 19-11017

Criminal Appeals dismissed the writ as an abuse yesterday, September 23, 2019.

Nevertheless, Sparks asks this court to approve his motion to file a successive federal habeas petition based solely on the *Atkins* claim. He contends that he has made a *prima facie* case supporting the prerequisites for a successive filing as either a new rule of constitutional law, made retroactive, that was previously unavailable, Section 2244(b)(2)(A), or previously unavailable facts that call into question the accuracy of his conviction for capital murder, Section 2244(b)(2)(B).

The state's response to Sparks's brief contends that he meets neither of these statutory criteria and in any event, his petition is untimely pursuant 28 U.S.C. § 2244(d)(1). For the following reasons, we DENY the application.

1.      Sparks is unable to establish a *prima facie* case that his petition, even if exhausted, is based on a "new rule" of constitutional law, that was "previously unavailable" but made retroactively applicable to cases on collateral review. Sparks killed his victims long after *Atkins* had eliminated capital punishment for mentally disabled individuals. During his trial in 2008, Sparks's own expert testified that he was not so disabled.

 He contends that in *Moore v. Texas*, 137 S. Ct. 1039 (2017), the Supreme Court rejected Texas's previous framework for determining intellectual disability in this context and thus facilitated a successive *Atkins* claim. This contention contradicts the Court's holding in *Shoop v. Hill*, 139 S. Ct. 504, 507–09 (2019). But even if we count *Moore* as the starting date for Sparks's realization that the former Texas guidelines for intellectual disability would not stymie his *Atkins* claim, the statutory time limit for asserting this claim is one year following *Moore*.     28 U.S.C. § 2244.

8

No. 19-11017

Consequently, Sparks's delay in filing this application nearly three years after *Moore* is untimely.   Section 2244(d)(1)(C).

2.     Alternatively, Sparks contends that the "factual basis" for his post*Moore* claim "could not have been discovered by the exercise of due diligence" until his current expert's re-evaluation of his old, pretrial testing. 28 U.S.C. §§ 2244(b)(2)(B)(i), (d)(1)(D).  He attempts to claim that the experts' trial testimony from 11 years ago yielded uncertain results about his IQ and somehow eliminates any duty of diligence to have investigated an *Atkins* claim for more than a year after *Moore.*  Aside from its lack of legal support, this argument is incoherent.   Using *Moore* as the touchstone for his failure to reconsider intellectual disability ignores that the DSM-5 diagnostic protocol, which loosened the basis for such findings, was published in May 2013.  So, this petition falls six years after the alleged new factual predicate, rendering it five years untimely.

Sparks's invocation of *McQuiggin* to satisfy the additional prerequisite of 28 U.S.C. § 2244(b)(2)(B) is also unavailing, because that provision is directed to new facts that, if proven, would have shown Sparks not guilty of the underlying offense "by clear and convincing evidence."  2244(b)(2)(B)(ii); *McQuiggin v. Perkins,* 569 U.S. 383, 395–96 (2013); *see also Busby v. Davis,* 925 F.3d 699, 712 (5th Cir. 2019) (footnotes omitted).   Sparks has not attempted to demonstrate actual innocence of the crime.  And even if "actual innocence of the death penalty" suffices under *McQuiggin,*[2] a petitioner is still responsible for pursuing his claim within the AEDPA limitations period.

---

[2] Throughout this opinion we refer to propositions asserted by Sparks with the conditional "even if."  Doing so does not indicate that any of those propositions has any merit.

No. 19-11017

*Henderson v. Thaler,* 626 F.3d 773. 781 (5th Cir. 2010).

3.      We decline Sparks's request to remand the timeliness issue while granting him a further opportunity to expand on proof of his *Atkins* claim. Even if he had presented prima facie evidence of intellectual disability, such evidence cannot bootstrap a plainly untimely claim.   Unlike other petitioners for which this court has granted remand to proceed with successive petitions based on *Atkins,* Sparks had proceedings pending in this court and the state courts throughout the evolution of the Supreme Court's approach to Texas's application of *Atkins* and when the DSM-5 was published.[3]   He had ample time and opportunity to explore and properly raise an intellectual disability claim.

Because Sparks has failed to set up a basis for filing a successive habeas petition, we have no authority to grant a stay of execution.


Motion for Authorization to File is DENIED.

Motion for a Stay of Execution is DENIED.

---

[3] *Cf. In re Johnson,* 935 F.3d 284, 293 (5th Cir. 2019) (amendment to first habeas petition in light of publication of DSM-5 was "not feasible" because the DSM-5 was published "only 17 days before" the petition was denied); *In re Cathey,* 857 F.3d 221, 230 (5th Cir. 2017) (judicial recognition of the Flynn Effect and the abandonment of rule-of-thumb for a maximum IQ level were not available at the time of the first petition and its disposition).